2016 IL App (3d) 140386

Opinion filed April 20, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0386 Circuit No. 06-CF-1579 |
| | ) | |
| VICTOR RUSSELL, | ) ) | Honorable David A. Brown, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant Victor Russell, appeals the second-stage dismissal of his postconviction petition, which was filed after his conviction for first degree murder was affirmed on direct appeal.

¶ 2                                    FACTS

¶ 3     The facts are more fully described in the direct appeal from Russell's conviction. *People v. Russell*, 409 Ill. App. 3d 379 (2011). Russell was indicted for the first degree murder of Carla Spires. Spires was found on the ground outside her home on the evening of December 5, 2006.

A later autopsy confirmed that slash wounds to Spires' neck were the fatal wounds. Russell was convicted based upon eyewitness testimony; there was no physical evidence tying him to the crime scene. On direct appeal, Russell challenged the sufficiency of the evidence regarding the identification of him as the one who killed Spires. After considering all of the evidence, we concluded that the evidence was sufficient to sustain Russell's conviction and affirmed.

¶ 4       On August 1, 2011, Russell filed a *pro se* petition for postconviction relief. In the petition, Russell claimed that: (1) the witnesses' identification of him as the murderer was unreliable; (2) he was actually innocent; (3) he was not proven guilty beyond a reasonable doubt; (4) the trial court erred in admitting evidence of other crimes or bad acts; and (5) a police officer who had testified at the grand jury proceedings committed perjury. A public defender was appointed to represent Russell.

¶ 5       Thereafter, the State filed a motion to dismiss the petition. Russell's postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). Postconviction counsel did not file an amended or supplemental postconviction petition. After a hearing, the circuit court granted the State's motion to dismiss. The circuit court held that the first and third issues were fully raised and litigated on direct appeal, so they were barred by *res judicata*. As for the claim of actual innocence, the circuit court found that the affidavit attached to the petition failed to satisfy the required elements for a claim of actual innocence in that it did not contradict the identification witnesses, so it was not so conclusive that it would probably change the outcome of the trial. With respect to the fourth claim, the circuit court found that the issue was raised in Russell's posttrial motion and the failure to appeal it constituted waiver. The circuit court found that Russell's fifth claim, the allegation of perjury, even if true, did not rise to the level of a violation of Russell's constitutional rights.

¶ 6       Russell filed a *pro se* motion to file a late appeal, which alleged that his legal mail was not properly marked, leading to the late notice of appeal.  We granted that motion.

¶ 7                                    ANALYSIS

¶ 8       Russell argues that his postconviction counsel failed to provide him with a reasonable level of assistance in that he failed to amend one of Russell's postconviction claims in order to avoid dismissal on the basis of waiver.  Specifically, Russell argues that the claim that the trial court erred in admitting evidence of other crimes and prior bad acts should have been amended to claim that the waiver of the claim was due to ineffective assistance of appellate counsel.  The State argues that there was no unreasonable assistance because the prior bad act claim was meritless.

¶ 9       This was a second-stage postconviction proceeding, where the defendant bears the burden of making a substantial showing of a constitutional violation.  *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 15.  There is no constitutional right to the assistance of counsel in postconviction proceedings; the right to counsel is wholly statutory and petitioners are only entitled to the level of assistance provided for by the Post-Conviction Hearing Act (Act), which is a reasonable level of assistance.  725 ILCS 5/122-1 *et seq.* (West 2012); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007).  Counsel's duties, pursuant to Supreme Court Rule 651(c), include: (1) consulting with the defendant to ascertain his contentions of deprivation of constitutional right; (2) examining the record of the proceedings at the trial; and (3) making any amendments to the *pro se* petition that are necessary for an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651 (eff. Dec. 1, 1984); *Schlosser*, 2012 IL App (1st) 092523, ¶ 16.

¶ 10       Postconviction counsel is required only to investigate and properly present defendant's claims.  *Schlosser*, 2012 IL App (1st) 092523, ¶ 16.  While there is no requirement that post-

3

conviction counsel must amend a petitioner's *pro se* postconviction petition, Rule 651(c) requires that appointed postconviction counsel make any amendments that are necessary for an adequate presentation of petitioner's contentions. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). However, if amendments to a *pro se* petition would only further a frivolous or patently nonmeritorious claim they are not necessary within the meaning of Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 205 (2004). The filing of a certificate in compliance with Rule 651(c) gives rise to the presumption that the defendant received the required representation, but the presumption may be rebutted by the record. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007). Whether postconviction counsel provided a reasonable level of assistance is compliance with Supreme Court Rule 651(c) is reviewed *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007). Also, a circuit court's dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo*. *People v. Elken*, 2014 IL App (3d) 120580, ¶ 29.

¶ 11        Russell's claim that the trial court erred in admitting evidence of other crimes or bad acts was preserved for direct appeal in that the defense objected to a pretrial motion and included the issue in the defendant's posttrial motion. However, appellate counsel did not raise the issue on direct appeal, which led to the circuit court in these postconviction proceedings to find that the issue was waived. As the Illinois Supreme Court points out in *Turner*, though, ineffective assistance of appellate counsel is an exception to the waiver doctrine in postconviction proceedings. *Turner*, 187 Ill. 2d at 413. As in *Turner*, postconviction counsel's failure to amend the postconviction petition to allege ineffective assistance of counsel, an amendment that the *Turner* court called "routine," prevented the circuit court from considering the merits of the defendant's claims. *Id.* at 413-14. The failure of postconviction counsel to make this routine amendment, which contributed directly to the dismissal of the petition without an evidentiary

4

hearing, rebutted the presumption of reasonable assistance created by the filing of the certificate of compliance with Rule 651(c).  See *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007) ("A filed Rule 651(c) certificate creates a presumption of compliance that can be rebutted by the record.").

¶ 12       The State argues that Russell failed to claim that the admission of prior bad acts evidence was reversible error, and, since the claim was meritless, it did not fall below the level of reasonable assistance to not include the claim in an amended postconviction petition.  However, a defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice.  *People v. Ross*, 2015 IL App (3d) 130077, ¶ 15.  Instead, where postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised in the petition had merit.  *Id.*  Postconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error.  *Id.*; *Turner*, 187 Ill. 2d at 416 (a reviewing court "will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)").  The judgment dismissing Russell's postconviction petition should be reversed and the cause remanded to the circuit court with directions to allow Russell the opportunity to replead his postconviction petition with the assistance of new counsel.

¶ 13                                    CONCLUSION

¶ 14       The judgment of the circuit court of Peoria County is reversed and remanded with directions.

¶ 15       Reversed and remanded.