NOTICE
Decision filed 12/12/19. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2019 IL App (5th) 160544-U

NO. 5-16-0544

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 07-CF-424 |
| | ) | |
| DANIEL JUK, | ) | Honorable |
| | ) | Brian D. Lewis, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the dismissal, at the second stage of proceedings, of the defendant's amended petition for postconviction relief, because the defendant received a reasonable level of assistance from postconviction counsel where counsel pointed out to the trial court that everything needed to rule on the petition was contained within the record, and therefore no additional supporting documents were needed.

¶ 2   The defendant, Daniel Juk, appeals the dismissal, at the second stage of proceedings in the circuit court of Williamson County, of his amended petition for postconviction relief. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4   On November 14, 2008, following a bench trial in the circuit court of Williamson County, with the Honorable John A. Speroni presiding, the defendant, Daniel Juk, was convicted of four counts of criminal sexual assault. Thereafter, he was sentenced to consecutive terms of 15

1

years of imprisonment in the Illinois Department of Corrections on each count, for a total term of 60 years. On October 1, 2010, we affirmed his conviction and sentence on direct appeal. See *People v. Juk*, No. 5-09-0197 (2010) (unpublished order under Supreme Court Rule 23). On November 20, 2015, the defendant filed, by postconviction counsel Alexander M. Fine, an amended petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). Therein, the defendant contended that he received ineffective assistance of trial counsel, and ineffective assistance of appellate counsel in his direct appeal, noting that he was represented by the same attorney both at trial and on appeal. Specifically, he contended that "trial counsel's multiple errors cumulatively produced more than a reasonable probability that the results of the proceedings would have been different." The defendant took issue with trial counsel's purported failure to (1) "impeach the [S]tate's primary witness about inconsistencies between testimony and statements made to police," (2) make an offer of proof related to his failed impeachment, and (3) make a crucial objection during trial. Also on November 20, 2015, Fine filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). On June 16, 2016, the State filed a motion to dismiss the amended petition, as well as an accompanying 25-page memorandum of law.

¶ 5 On October 28, 2016, a hearing was held on the State's motion to dismiss. Because Judge Speroni had retired, the case was assigned to the Honorable Brian D. Lewis. At the hearing, the defendant was represented by new postconviction counsel, Therese H. Thien, who on June 17, 2016, had been appointed to replace attorney Fine. Thien noted that one argument raised by the State in its motion to dismiss was that Fine had failed to attach to the amended petition "certain supporting documents to support the petition." Thien asked Judge Lewis "to take judicial notice" that everything raised in the amended petition was "actually of record in this case," and that all the allegations were "supported by the actual trial transcripts, motions, briefs, and the Rule 23

order," rendering "any additional documentation *** a bit redundant." As she argued for why the amended petition was sufficient to withstand a motion to dismiss, she contended that, "[t]he record in this case is replete with the defects that we have raised." When asked to respond to the defendant's argument, the State noted, *inter alia*, that "all of this is in the trial record, the transcript, as Ms. Thien previously stated." In rebuttal to the State's arguments to dismiss the amended petition, Thien stated, *inter alia*, that she believed "the petition, the supporting transcripts that are in the record actually meet the burden of making a substantial showing" of a constitutional violation, and therefore the defendant was entitled to an evidentiary hearing. Following the hearing, Judge Lewis took the motion to dismiss under advisement, noting that because "Judge Speroni tried the case, I will go back and read the transcripts and get you all a decision just as soon as possible." Thereafter, Thien asked to make a record that she had considered whether she needed to file a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), in light of the fact that she was adopting Fine's amended petition, and that "[j]ust to make sure," she wished to file one. Thien thereafter tendered to Judge Lewis, and he accepted for filing, Thien's certificate of compliance.[1]

¶ 6    On December 8, 2016, Judge Lewis entered an order, by docket entry, in which he granted the State's motion to dismiss the amended petition. In his order, Judge Lewis first stated he had "now reviewed the entire trial transcripts, including post-trial motions and sentencing," and had "reviewed all pending motions, responses, and briefs." He reasoned that the motion to dismiss should be granted because the defendant was unable to "show that, but for trial counsel's errors, the result of the bench trial would have been different." Judge Lewis stated that trial counsel "vigorously defended" the defendant, and noted the numerous filings trial counsel had

---

[1]The certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) signed by Thien is file stamped in the record on appeal with the date of "December 13, 2016." In the certificate, Thien stated, *inter alia*, that no further amendments to the amended petition filed by Fine were required.

made on the defendant's behalf. He ruled that trial counsel's failure to impeach the victim notwithstanding, "the inconsistencies in the victim's statements (plural) were pointed out to Judge Speroni," and that "Judge Speroni's decision to find [the defendant] guilty was due to Judge Speroni's finding that he did not believe the [d]efendant." Judge Lewis added that "[n]othing trial counsel could have done could have cured that deficiency." This timely appeal followed.

¶ 7                                II. ANALYSIS

¶ 8    On appeal, the defendant's sole contention is that postconviction counsel failed to provide the defendant with the reasonable level of assistance of counsel required by the Act, because postconviction counsel failed to offer support for the claims in the amended petition. The defendant does not contend that Judge Lewis erred in dismissing the amended petition, and does not take issue with any of Judge Lewis's findings of fact or conclusions of law. We begin our analysis with an overview of some of the general principles of law applicable at the second stage of proceedings under the Act, and applicable to this case in particular. When, at the second stage of proceedings, the State has filed a motion to dismiss a petition, the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act. *People v. Coleman*, 183 Ill. 2d 366, 380 (1998). At this stage, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The trial court reviews the petition's factual sufficiency as well as its legal sufficiency in light of the trial court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377 (2008). We review *de novo* the trial court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473. As the defendant correctly notes, the Act provides for a reasonable

4

level of assistance from appointed counsel. See, *e.g.*, *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). As the defendant acknowledges, a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) creates a rebuttable presumption that reasonable assistance was provided. See, *e.g.*, *id*. at 52. However, that presumption may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. It is the defendant who bears the burden of rebutting the presumption by showing that the defendant's postconviction counsel failed to substantially comply with the rule. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. "Whether postconviction counsel provided a reasonable level of assistance in compliance with Supreme Court Rule 651(c) is reviewed *de novo*." *Russell*, 2016 IL App (3d) 140386, ¶ 10.

¶ 9        We now turn to the defendant's sole contention on appeal: that counsel failed to provide the defendant with the reasonable level of assistance of counsel required by the Act, because counsel failed to offer support for the claims in the amended petition. Specifically, the defendant claims postconviction counsel should have attached to the amended petition "police statements or a summary of the inconsistencies in [the victim's] testimony, or *** an offer of proof for [the impeaching witness's] proposed testimony." The defendant posits that these documents were necessary for Judge Lewis "to know the exact nature of the inconsistencies available to impeach [the victim], and the substance of [the impeaching witness's] omitted testimony."

¶ 10       In response, the State notes that postconviction counsel pointed out to Judge Lewis that everything that was needed to rule on the amended petition was contained within the case file. In particular, as detailed above, Thien asked Judge Lewis "to take judicial notice" that everything raised in the amended petition was "actually of record in this case," and that all the allegations were "supported by the actual trial transcripts, motions, briefs, and the Rule 23 order," rendering "any additional documentation *** a bit redundant." As she argued for why the amended petition was sufficient to withstand a motion to dismiss, she contended that, "[t]he record in this case is

5

replete with the defects that we have raised." When asked to respond to the defendant's argument, the State noted, *inter alia*, that "all of this is in the trial record, the transcript, as Ms. Thien previously stated." In rebuttal to the State's arguments to dismiss the amended petition, Thien stated, *inter alia*, that she believed "the petition, the supporting transcripts that are in the record actually meet the burden of making a substantial showing" of a constitutional violation, and that therefore the defendant was entitled to an evidentiary hearing.

¶ 11    We agree with the State that in light of the foregoing, there was no need for counsel to attach anything to the amended petition, and thus counsel complied with Rule 651(c). Moreover, we reiterate that Judge Lewis stated, when he took the motion to dismiss under advisement, that because "Judge Speroni tried the case," Judge Lewis would "go back and read the transcripts" before rendering a decision. In addition, when he issued the order on appeal in this case, Judge Lewis stated that he had "now reviewed the entire trial transcripts, including post-trial motions and sentencing," and had "reviewed all pending motions, responses, and briefs." He reasoned that the motion to dismiss should be granted because the defendant was unable to "show that, but for trial counsel's errors, the result of the bench trial would have been different." Judge Lewis stated that trial counsel "vigorously defended" the defendant, and noted the numerous filings trial counsel had made on the defendant's behalf. He ruled that trial counsel's failure to impeach the victim notwithstanding, "the inconsistencies in the victim's statements (plural) were pointed out to Judge Speroni," and that "Judge Speroni's decision to find [the defendant] guilty was due to Judge Speroni's finding that he did not believe the [d]efendant." Judge Lewis added that "[n]othing trial counsel could have done could have cured that deficiency." In other words, Judge Lewis in no way found the amended petition defective because it lacked supporting documentation other than that in the case file; accordingly, the defendant has failed to convince this court that postconviction counsel failed to provide reasonable assistance. In fact, the record

6

shows that Thien achieved her goal of having the trial judge consider all of the relevant materials before making his ruling, without her needing to supply any additional documentation. The defendant has pointed to nothing to show that she did not. Accordingly, there is nothing in the record to rebut postconviction counsel's certificate of compliance with Rule 651(c) (see, *e.g.*, *Profit*, 2012 IL App (1st) 101307, ¶ 19 (defendant bears burden of rebutting presumption by showing defendant's postconviction counsel failed to substantially comply with Rule 651(c))), and we conclude the defendant received the reasonable level of assistance of counsel required by the Act.

¶ 12                                    III. CONCLUSION

¶ 13    For the foregoing reasons, we affirm the dismissal, at the second stage of proceedings, of the defendant's amended petition for postconviction relief.


¶ 14    Affirmed.