NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190624-U

NO. 4-19-0624

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 12, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | De Witt County |
| DUANE T. THACKREY, | ) | No. 12CF95 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Wm. Hugh Finson, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Postconviction counsel failed to satisfy the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and provide defendant with a reasonable level of assistance, requiring remand for compliance with the rule and further second-stage postconviction proceedings.

¶ 2    Defendant, Duane T. Thackrey, appeals the trial court's second-stage dismissal of his postconviction petition. He argues his case should be remanded for further postconviction proceedings either because (1) he made a substantial showing of a constitutional violation or (2) his postconviction counsel failed to comply with the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We reverse and remand.

¶ 3                          I. BACKGROUND

¶ 4    In September 2012, the State charged defendant with five counts of predatory

criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) and one count of aggravated criminal sexual abuse (*id.* § 11-1.60(b)). The charges were based on allegations that, between January 2011 and July 2012, defendant sexually abused his stepdaughter, D.D., who was under 13 years of age. It alleged defendant forced D.D. to fondle his penis (count VI) and committed acts of sexual penetration with D.D., including placing his penis, finger, and tongue in D.D.'s vagina (counts I, II, and V) and his finger and penis in D.D.'s anus (counts III and IV).

¶ 5        In February 2014, defendant's jury trial was conducted. The State presented evidence showing defendant was married to D.D.'s mother and that he sexually abused D.D. from the time she was 3 or 4 years old until the age of 10. The trial court also permitted the State to introduce evidence of defendant's sexual activity with another minor, A.B., pursuant to section 115-7.3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.3 (West 2012)). Defendant presented the testimony of eight witnesses, including family members and friends, who generally described defendant as having a good relationship with D.D. and her siblings and denied noticing anything unusual or suspicious about the household or defendant's relationship with D.D.

¶ 6        On February 27, 2014, the fourth day of defendant's trial, he failed to appear in court and a warrant was issued for his arrest. On March 3, 2014, the trial recommenced in defendant's absence. The same day, the jury found defendant guilty of each charged offense.

¶ 7        In March 2014, defendant was arrested, and in April 2014, he filed a motion for a new trial. The trial court denied defendant's motion and, in June 2014, sentenced him to a total of 85 years in prison. Defendant filed a direct appeal arguing his sentence was excessive, and in March 2017, this court affirmed. *People v. Thackrey*, 2017 IL App (4th) 4140516-U.

¶ 8        In August 2018, defendant filed a postconviction petition with the aid of retained

counsel. He argued his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by (1) ruling evidence that D.D. made a sexual abuse accusation against another individual was inadmissible under the rape shield statute (725 ILCS 5/115-7 (West 2012)) and (2) allowing the State to present evidence of his uncharged acts of sexual conduct with A.B. under section 115-7.3 of the Code. The petition also "adopted in its entirety and incorporated by refence" a postconviction petition written by defendant *pro se* and which included multiple allegations of ineffective assistance of trial counsel along with several exhibits. Specifically, in his *pro se* petition, defendant alleged his trial counsel was ineffective for failing to (1) raise objections to the charging instrument, (2) inform him of "new [d]iscovery" filed by the State, (3) examine or research medical evidence, (4) object to the introduction of certain evidence, (5) impeach A.B. with her prior statements, (6) investigate witnesses, (7) object to portions of the State's closing argument, and (8) present mitigating evidence of defendant's own past sexual abuse at sentencing.

¶ 9        In August 2018, the trial court made a docket entry stating it had reviewed defendant's postconviction petition and found that it was not frivolous or patently without merit. It advanced the petition to the second stage of postconviction proceedings.

¶ 10        In October 2018, the State filed a motion to dismiss defendant's petition. It argued the petition was untimely, not properly certified by affidavit, and contained speculative and conclusory allegations that did not rise to the level of a substantial deprivation of a constitutional right. Further, the State argued the ineffective-assistance-of-counsel claims set forth in defendant's *pro se* petition were (1) "waived, forfeited, and procedurally defaulted" because they could have been raised on direct appeal but were not; (2) "speculative and conclusory" and improperly "not supported by affidavit, records[,] or other evidence"; and (3) concerning matters of trial strategy.

¶ 11        In February 2019, the trial court allowed defendant's retained counsel to withdraw. On defendant's motion, the court appointed new counsel, attorney Steven Jones, to represent defendant. In July 2019, Jones filed a certificate pursuant to Rule 651(c), certifying as follows:

"1. That I have consulted with [defendant] by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights.

2. That I have examined the record of the proceedings at the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the petition filed by [defendant's] previous counsel that are necessary for adequate presentation of [defendant's] contentions."

¶ 12        In September 2019, the trial court conducted a hearing on the State's motion to dismiss defendant's postconviction petition. At the outset of the hearing, the State withdrew its argument that defendant's petition was untimely. In presenting defendant's arguments to the court, Jones addressed the State's forfeiture argument, stating as follows:

"With respect to the ineffective assistance of trial counsel, we don't argue the fact that on appeal, counsel only brought up the excessive nature of the sentence, but I believe in the record the defendant filed a *pro se* supplemental brief based upon the fact that [appellate] counsel did not raise the ineffective assistance of trial counsel [claims], and [I] believe that would preserve the issue[s] of the ineffective assistance of trial counsel, and should be considered and would rise to the level of allowing the defendant's petition to move forward."

¶ 13        Ultimately, the trial court granted the State's motion to dismiss. With respect to the

ineffective-assistance-of-trial-counsel claims raised in defendant's *pro se* petition, the court found those issues could have been raised on direct appeal but were not and, as a result, they were "waived or forfeited."

¶ 14         This appeal followed.

¶ 15                                      II. ANALYSIS

¶ 16         On appeal, defendant argues the trial court erred by granting the State's motion to dismiss his postconviction petition. He contends his petition made a substantial showing that both his trial and appellate counsel provided ineffective assistance and, thus, his case should be remanded for third-stage postconviction proceedings. Alternatively, defendant argues that remand is required because he was denied the reasonable assistance of postconviction counsel where Jones (1) filed a deficient Rule 651(c) certificate and (2) failed to make necessary amendments to his *pro se* postconviction petition in violation of the rule. We agree with defendant's latter contention—that Jones failed to provide a reasonable level of assistance—and reverse and remand for further proceedings on that basis.

¶ 17         "The Post-Conviction Hearing Act [(Act)] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763 (citing 725 ILCS 5/122-1(a) (West 2014)). It involves the following three-stage process:

> "At the first stage, the circuit court determines whether the petition is 'frivolous or is patently without merit.' [Citation] If the petition is not dismissed at the first stage, it advances to the second stage, where the court may appoint counsel for an indigent

defendant and the State may file responsive pleadings. [Citations.] If the petition makes a substantial showing of a constitutional violation, the petition proceeds to the third stage, where the court conducts an evidentiary hearing. [Citation.]" *Id.* ¶ 45 (citing 725 ILCS 5/122-2.1(a)(2), 122-4, 122-5, 122-6 (West 2014)).

¶ 18 The sixth amendment right to counsel does not extend to postconviction petitioners, and thus, they "have no constitutional right to counsel, effective or otherwise." *People v. Custer*, 2019 IL 123339, ¶ 30, 115 N.E.3d 374. Rather, "[p]ostconviction petitioners are entitled to only the level of assistance guaranteed by the Act," which "has been judicially deemed to be a reasonable level, a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." (Internal quotation marks omitted.) *Id.*

¶ 19 Defendants are entitled to a reasonable level of assistance at both the second and third stages of postconviction proceedings. *People v. Johnson*, 2018 IL 122227, ¶ 16, 123 N.E.3d 1083. To assure that level of assistance, Rule 651(c) requires a showing on the record, which may be made by a certificate from the defendant's counsel, that counsel has (1) consulted with the defendant by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) "examined the record of the proceedings at the trial," and (3) made any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "Although strict compliance is not necessary, postconviction counsel must substantially comply with Rule 651(c)." *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19, 56 N.E.3d 1141.

¶ 20 Further, "[t]he filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." (Internal quotation marks

omitted.) *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39, 85 N.E.3d 568. However, where a certificate is deficient and the record does not otherwise demonstrate counsel's compliance with the rule, "the appropriate remedy is to reverse the judgment of the trial court and remand *** for compliance with Rule 651(c)." *Mason*, 2016 IL App (4th) 140517, ¶¶ 24-25; see also *People v. Lander*, 215 Ill. 2d 577, 584, 831 N.E.2d 596, 600 (2005) ("The failure to file a certificate showing compliance with Rule 651(c) is harmless error if the record demonstrates that counsel adequately fulfilled the required duties."); *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶ 59, 40 N.E.3d 1235 ("[F]iling a poorly-drafted [Rule 651(c)] certificate is harmless error if the record demonstrates that counsel was otherwise competent and fulfilled her required duties.").

¶ 21        Where postconviction counsel has failed to fulfill his or her Rule 651(c) duties, remand is required "regardless of whether the claims raised in the [postconviction] petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007). Whether an attorney sufficiently complied with Rule 651(c) is subject to *de novo* review. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 22        Here, the record fails to show Jones's compliance with Rule 651(c). First, Jones filed a Rule 651(c) certificate certifying that he had "examined the record of the proceedings at the *plea of guilty* and the report of proceedings in the sentencing hearing." (Emphasis added.) However, in this case, defendant was convicted following a jury trial, not after pleading guilty. Significantly, the certificate at issue contains no showing that Jones examined the record of the proceedings at defendant's trial, from which many of his claims of error stem. *People v. Davis*, 156 Ill. 2d 149, 164, 619 N.E.2d 750, 758 (1993) ("[A]ppointed counsel is required to examine as much of the transcript of proceedings as is necessary to adequately present and support those

constitutional claims raised by the petitioner.") Accordingly, the certificate is deficient on its face.

¶ 23    Second, the record otherwise contains no statement from Jones that shows he examined the trial record. On appeal, the State argues the record demonstrates Jones's compliance with Rule 651(c) through (1) the state's attorney's reference to defendant's trial at the hearing on the State's motion to dismiss defendant's postconviction petition; (2) Jones's reference to a "proffer that was set forth at trial" during the same hearing; and (3) Jones's statement that he had reviewed the postconviction pleadings, which contained references to defendant's trial, during his first appearance on the defendant's behalf. We disagree.

¶ 24    Initially, we fail to see how either a comment about defendant's trial made in Jones's presence or Jones's review of postconviction pleadings demonstrates compliance with the requirement that he "examine[ ] the record of the proceedings at the trial." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Additionally, Jones's own reference to defendant's trial when presenting argument on defendant's postconviction claims is not necessarily a reflection that he examined the necessary portions of the trial record. As defendant points out in his reply brief, Jones's comments were consistent with, and similar to, the argument and statements set forth in his postconviction petition, which was prepared by defendant's first postconviction attorney and which Jones indicated he had reviewed. Ultimately, we find the statements and references relied upon by the State to show compliance with Rule 651(c) indicate Jones's awareness that a trial, rather than a guilty plea, had occurred but they fall far short of clarifying that Jones actually examined the record of the trial proceedings. See *Mason*, 2016 IL App (4th) 140517, ¶ 24-25 (finding reversal warranted, in part, based on postconviction counsel's failure to certify that he reviewed the transcripts of necessary proceedings and there were otherwise "no statements on the record from postconviction counsel

clarifying whether he *** reviewed the necessary records").

¶ 25    We further agree with defendant that Jones failed to provide a reasonable level of assistance where he failed to make necessary amendments to defendant's *pro se* claims. "[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 44, 890 N.E.2d 398, 403 (2008). "An adequate or proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted." *Id.* This includes overcoming the procedural bar of forfeiture for failing to raise claims on direct appeal by making "a routine amendment" to a *pro se* postconviction petition that alleges the ineffective assistance of appellate counsel. *People v. Turner*, 187 Ill. 2d 406, 412-14, 719 N.E.2d 725, 729 (1999); See also *People v. Russell*, 2016 IL App (3d) 140386, ¶ 11, 52 N.E.3d 714 (stating "ineffective assistance of appellate counsel is an exception to the waiver[, *i.e.*, forfeiture,] doctrine in postconviction proceedings" and postconviction counsel's failure to amend a petition to include such a claim "rebutted the presumption of reasonable assistance created by the filing of the certificate of compliance with Rule 651(c)").

¶ 26    Here, defendant's original postconviction counsel filed a petition that adopted, in total, claims contained in defendant's own *pro se* postconviction petition. Defendant's petition raised several claims that his trial counsel was ineffective, including claims that involved matters apparent on the face of the record and that could have been, but were not, raised on direct appeal. See *People v. English*, 2013 IL 112890, ¶ 22, 987 N.E.2d 371(stating that in a postconviction proceeding "issues that could have been raised on direct appeal, but were not, are forfeited"); see also *People v. Dixon*, 2019 IL App (1st) 160443, ¶ 47, 139 N.E.3d 8 ("Appellate counsel can only

be ineffective for failing to raise issues that were apparent on the face of the record."). After taking over defendant's representation, Jones made no amendments to the earlier postconviction filing. Ultimately, the State argued, and the trial court found, defendant's *pro se* claims were forfeited due to his failure to previously raise them. As indicated above, amending defendant's *pro se* claims to also allege ineffective assistance of appellate counsel would have overcome this procedural bar and such a "routine amendment" was a necessary component of Rule 651(c) compliance.

¶ 27        We note that in responding to the State's forfeiture argument at the hearing on its motion to dismiss, Jones suggested defendant's *pro se* "brief" contained allegations of ineffective assistance of appellate counsel that were sufficient to preserve his *pro se* claims. However, we find no support for that suggestion in our review of the record. Neither defendant nor the attorneys representing him during postconviction proceedings alleged ineffective assistance of appellate counsel based on the failure to raise on direct appeal defendant's *pro se* ineffective-assistance-of-trial-counsel claims.

¶ 28        Finally, we note the State complains that "defendant does not point to any amendments post[ ]conviction counsel could have made [to defendant's *pro se* claims] that would have made a difference in the outcome of the proceeding." Essentially, the State argues remand is unnecessary because defendant's claims lacked merit and he failed to show he was prejudiced by Jones's performance. However, not only is prejudice to a defendant "palpable" when postconviction counsel fails to overcome the procedural bar of forfeiture because it precludes consideration of the merits of the defendant's claim (*Turner*, 187 Ill. 2d at 415), but as stated, remand is required regardless of whether the defendant's claims have merit when postconviction counsel failed to fulfill his or her Rule 651(c) duties (*Suarez*, 224 Ill. 2d at 47). Here, the record

shows Jones failed to fulfill his Rule 651(c) duties and remand for compliance with the rule is required.

¶ 29                                    III. CONCLUSION

¶ 30            For the reasons stated, we reverse the trial court's judgment and remand for further second-stage proceedings under the Act.

¶ 31            Reversed and remanded.