NOTICE
Decision filed 06/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220272-U

NO. 5-22-0272

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 10-CF-837 |
| | ) | |
| CLEO A. FULTZ, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Pursuant to the recent Illinois Supreme Court majority decision in *People v. Addison*, 2023 IL 127119, we conclude that the defendant did not receive reasonable assistance of counsel with regard to his petition for postconviction relief. We reverse the order of the circuit court of St. Clair County that dismissed the defendant's petition at the second stage of proceedings, and we remand for further second-stage proceedings with new counsel.

¶ 2   The defendant, Cleo A. Fultz, was convicted of first degree murder, with a finding of guilty but mentally ill. He was sentenced to 45 years of imprisonment in the Illinois Department of Corrections. His direct appeal to this court was unsuccessful. See *People v. Fultz*, 2016 IL App (5th) 130212-U. He now appeals the dismissal, by the circuit court of St. Clair County at the second stage of proceedings, of his third amended petition for postconviction relief. For the reasons that

1

follow, we reverse the circuit court's order and remand for further second-stage proceedings with new counsel.

¶ 3                                                    I. BACKGROUND

¶ 4      The facts necessary to our disposition of the narrow issue raised in this appeal are as follows. On September 5, 2017, the defendant, acting in a *pro se* capacity, filed a postconviction petition. On March 14, 2018, the circuit court entered an order noting that there had been "no ruling within 90 days of [the] filing [of the] petition." The circuit court's order appointed counsel to represent the defendant. That counsel subsequently resigned from his position handling postconviction petitions, and a different attorney was appointed to represent the defendant. After additional delays, on February 25, 2021, counsel filed an amended petition for postconviction relief. On March 26, 2021, the State filed a motion to dismiss the amended petition. Therein, the State contended that all of the claims in the amended petition were barred by either waiver or *res judicata*. On May 7, 2021, the circuit court entered an order which gave the defendant's counsel "an additional 30 days to file" a second amended postconviction petition.

¶ 5      On July 9, 2021, counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). On October 27, 2021, counsel filed what was styled as a third amended petition for postconviction relief (the petition). The petition raised, *inter alia*, a claim of actual innocence. Also on October 27, 2021, counsel filed a second certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). On February 25, 2022, the State filed a motion to dismiss the petition. Therein, the State contended that (1) all of the claims other than the actual innocence claim were barred by either waiver or *res judicata*, and (2) the actual innocence claim was deficient because all of the facts asserted in support of it were presented at the defendant's

trial, whereas facts supporting an actual innocence claim must be, *inter alia*, new, which means "discovered after trial."

¶ 6    On March 2, 2022, a hearing was held on the State's motion to dismiss. At the conclusion of the hearing, the circuit court ruled that the State was correct with regard to its assertions about all of the claims in the petition. With regard to the actual innocence claim, the circuit court specifically stated that "the motion to dismiss points out that case law is very clear that in order to succeed on a claim of actual innocence the defendant is required to present new[,] material[,] noncumulative evidence." The circuit court added that the defendant's actual innocence claim was not supported by any "new" evidence, only by facts known and presented at trial. Also on March 2, 2022, a written order was entered by the circuit court, stating that the petition was dismissed for the reasons stated on the record by the court at the hearing. This timely appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8    It is well-established that most petitions filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2020)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the petition in this case—to the second stage of proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 9    The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the

same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the level of assistance required is reasonable assistance. *Id.* ¶ 29. To provide reasonable assistance at the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *Id.* ¶ 30. Appointed counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the appropriate portions of the record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the circuit court, which often means that counsel must shape the defendant's claims into proper legal form. *Id.*

¶ 10    The filing, by appointed postconviction counsel, of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel has provided the statutorily-required reasonable level of assistance at the second stage of proceedings. *Id.* ¶ 31. We review *de novo* the question of whether appointed counsel provided the reasonable level of assistance that is required. *Id.* If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 11    As we undertake our *de novo* review of whether postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c) is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c) certificate may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. The failure to make a routine amendment, such as an amendment adding a claim of ineffective assistance of appellate counsel in order to prevent the dismissal of a petition on the basis of waiver or forfeiture, is an example of conduct on the part of postconviction counsel that rebuts the

4

presumption of reasonable assistance. *Id.* ¶ 11. Moreover, as a general rule, there is no requirement that a defendant make a positive showing that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised by the defendant in the petition had merit. *Id.* ¶ 12. Likewise, appointed counsel's failure to comply with the rule generally will not be excused on the basis of harmless error, because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had counsel complied with the rule. *Id.*

¶ 12 In this case, appellate counsel for the defendant points out that although postconviction counsel amended the defendant's *pro se* petition to add an actual innocence claim, postconviction counsel did not obtain any affidavits in support of the claim—not even an affidavit from the defendant—and instead relied solely upon facts adduced at the defendant's trial. Appellate counsel contends that postconviction counsel's actual innocence claim therefore became nothing more than a rehashed version of the sufficiency of the evidence claim that failed in the defendant's direct appeal. Appellate counsel further contends that if postconviction counsel had included an affidavit from the defendant asserting actual innocence and providing "new" facts supporting that assertion, the claim could have survived the State's motion to dismiss. Appellate counsel notes that if postconviction counsel could not support the claim, he had a duty not to advance the claim, and could not simply choose to add a claim that had no chance of succeeding, which is what appellate counsel claims postconviction counsel did in this case.

¶ 13 The State counters that a self-serving affidavit from the defendant claiming actual innocence would have been patently unconvincing, and insists that, under the circumstances of this case, there is no way the defendant's actual innocence claim could have succeeded, even if

5

postconviction counsel had attached an affidavit from the defendant. The State therefore argues that because the defendant cannot show that his actual innocence claim was meritorious, he necessarily cannot show that he was prejudiced by the allegedly unreasonable assistance of postconviction counsel in this case. The State argues that, the defendant's contentions on appeal notwithstanding, a showing of prejudice is required in this case.

¶ 14    On April 20, 2023, the Illinois Supreme Court issued its opinion in *People v. Addison*, 2023 IL 127119. The court's majority decision in *Addison* reiterated the longstanding general legal principles cited by this court above, then expressly stated, with regard to compliance with Rule 651(c), "[w]e fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Id.* ¶ 26. The *Addison* majority thereafter reiterated that when postconviction counsel fails to comply with Rule 651(c), such as by failing to shape claims into proper legal form, "our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Id.* ¶ 33. The *Addison* majority rejected the State's argument that the aforementioned case law applies only when postconviction counsel has failed to file a certificate of compliance with Rule 651(c). *Id.* ¶¶ 34-38. The *Addison* majority ultimately held that "[p]ostconviction counsel did not comply with Rule 651(c), because she failed to shape defendant's claims into proper form," and that, accordingly, the defendant had "rebutted the presumption of reasonable assistance that arose from postconviction counsel's Rule 651(c) certificate." *Id.* ¶ 44. The *Addison* majority further held that "the appellate court correctly remanded the cause for compliance with Rule 651(c) without considering whether the claims in the petition were meritorious." *Id.*

¶ 15    Thus, pursuant to the decision issued by the *Addison* majority, we must reject the State's argument that in this case the defendant was required to show that the defendant's actual innocence

6

claim had merit, *i.e.*, to show that the defendant was prejudiced by the unreasonable assistance of postconviction counsel. It is undisputed that an actual innocence claim in a postconviction petition must be supported by evidence that is newly discovered, material and not merely cumulative, and of such conclusive character that it would probably change the result on retrial. See, *e.g.*, *People v. Ortiz*, 235 Ill. 2d 319, 333 (2009). Because it is clear that in this case postconviction counsel violated Rule 651(c) when he chose to add an actual innocence claim but failed to shape the claim into proper legal form by adding supporting material—such as an affidavit from the defendant— that included, *inter alia*, "new" facts sufficient to meet the legal standard for actual innocence claims, the defendant has rebutted the presumption of reasonable assistance that arose from postconviction counsel's filing of a certificate of compliance with Rule 651(c). We therefore must reverse the dismissal of the petition and remand for further proceedings with new counsel. In so doing, we note that the defendant's appellate counsel is correct that postconviction counsel is prohibited from amending a petition to put forward claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 209 (2004); see also, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new counsel of these legal principles and admonish new counsel to adhere to them when considering what claims, if any, legitimately may be advanced in this case.

¶ 16                                    III. CONCLUSION

¶ 17    For the foregoing reasons, we reverse the order of the circuit court of St. Clair County that dismissed the petition, and we remand for further second-stage proceedings with new counsel. We

7

direct appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel) and to the circuit court. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37.

¶ 18     Reversed; cause remanded with directions.