NOTICE
Decision filed 06/16/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230363-U

NO. 5-23-0363

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Madison County. |
| v. | ) ) | No. 12-CF-2146 |
| QURCHAN L. WALLACE, | ) ) | Honorable Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1　*Held*:　We reverse the second-stage dismissal of the defendant's postconviction petition, and remand for appointment of new counsel and further proceedings.

¶ 2　The defendant, Qurchan L. Wallace, appeals the second-stage dismissal of his postconviction petition. For the following reasons, we reverse the dismissal and remand for appointment of new counsel and further proceedings.

¶ 3　　　　　　　　　I. BACKGROUND

¶ 4　The following facts are derived from the record on appeal. Some of the facts were included in this court's previous order in this case, which was issued in appellate case No. 5-20-0009 (*People v. Wallace*, No. 5-20-0009 (2021) (unpublished summary order under Illinois Supreme Court 23(c))).

1

¶ 5    On October 17, 2012, Wallace was charged by information with four counts of aggravated criminal sexual assault, one count of attempted criminal sexual assault, and one count of aggravated battery. Initially, Wallace was represented by the Madison County Public Defender. On June 24, 2013, privately retained counsel, Cheryl Whitley, entered an appearance on behalf of Wallace. On March 23, 2015, Wallace entered a negotiated plea of guilty to aggravated criminal sexual assault and criminal sexual assault in exchange for an aggregate sentence of 20 years' imprisonment. As part of the plea, five counts were dismissed. Whitley represented Wallace through his plea and sentence.

¶ 6    After imposing sentence, the circuit court admonished Wallace about his appeal rights in accordance with Illinois Supreme Court Rule 605(c), including the necessity of filing a written motion to withdraw his guilty plea before taking an appeal. On April 22, 2015, Wallace filed *pro se* a motion to reconsider his sentence. At a June 23, 2015, hearing on that motion the circuit court informed Wallace that because he had pled guilty in exchange for a specific sentence, he could not simply seek to have the court reconsider his sentence and would instead have to file a motion to withdraw the guilty plea. The court also told Wallace that counsel would be appointed to assist him if he so desired.

¶ 7    On July 23, 2015, Wallace filed *pro se* a motion to withdraw the plea and vacate the judgment. The *pro se* motion alleged, *inter alia*, that Wallace received ineffective assistance of counsel, multiple punishments for the same act, and inadequate representation by counsel. Wallace alleged Whitley misled him which resulted in him accepting the plea without being fully aware of the consequences. Following the *pro se* motion, the circuit court appointed counsel, Steve Griffin, to assist Wallace.

¶ 8　Ultimately, the parties appeared for a hearing on Wallace's motion on January 30, 2018. The court entered an order finding that Wallace's motion to reduce sentence was timely filed; that his July 23, 2015, motion to withdraw his plea "relate[d] back" to the April 22, 2015, motion to reduce sentence; and that the July 23, 2015, motion to withdraw the plea was timely. The court further found that Wallace could proceed on both the motion to reduce sentence and the motion to withdraw the plea. Hearings on Wallace's motions were held on July 11, 2018, and August 6, 2018. On December 17, 2019, the circuit court denied both motions, and Wallace filed his first notice of appeal on January 6, 2020.

¶ 9　We dismissed Wallace's first appeal due to a lack of jurisdiction on January 22, 2021. Wallace failed to file the appropriate 604(d) motion to withdraw his guilty plea within 30 days of sentencing, so the circuit court lost jurisdiction 30 days following his sentence. *People v. Bailey*, 2014 IL 115459, ¶ 26. The circuit court lacked jurisdiction to hear the motions on July 11, 2018, and August 6, 2018. Additionally, the circuit court's order of December 17, 2019, was void.

¶ 10　On January 15, 2021, Wallace filed a *pro se* postconviction petition. His *pro se* petition alleged that his constitutional rights were violated due to ineffective assistance of counsel, that his guilty plea was not intelligent, and he "had a [*sic*] inadequate representation by counel [*sic*]." On April 26, 2021, the circuit court found the petition would proceed to the second stage and appointed attorney Griffin to assist the defendant.

¶ 11　On April 13, 2022, counsel filed an amended postconviction petition which consisted of eight paragraphs and alleged, *inter alia*, the following:

"2. In the proceeding which resulted in Defendant's conviction, there was a substantial denial of Defendant's right to have effective assistance of counsel, pursuant to the Sixth Amendment to the United State's [*sic*] Constitution.

3

3. Defendant's counsel failed to interview witnesses, including the alleged victim.

4. Defendant's counsel failed to meet with Defendant and cogently discuss discovery with the Defendant.

5. Defendant's counsel failed to enter into a written contract with the Defendant, prescribing the difference in fee(s) for a negotiated disposition, as opposed to a jury trial. As a consequence, Defendant was prejudiced in negotiations with the People, verily believing that he had a plausible defense to the charges in the event of jury trial."

The amended postconviction petition was not supported by any affidavits.

¶ 12    The State filed a motion to dismiss the amended postconviction petition on June 24, 2022. The State's motion to dismiss presented arguments regarding what took place at the prior hearings on July 11, 2018, and August 6, 2018. Further, the State argued the issue had already been litigated and decided.

¶ 13    The circuit court conducted a hearing on the pending motions on January 23, 2023, and took the matter under advisement. On May 11, 2023, the circuit court entered a written order finding that there was no substantial showing that a violation of the defendant's constitutional rights occurred. In the order, the circuit court referenced and relied upon the prior hearings when denying the most recent postconviction petition. Wallace filed a timely notice of appeal and was appointed counsel to assist him with his appeal.

¶ 14                                    II. ANALYSIS

¶ 15    It is well established that most petitions filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the petition in this case—to the second stage of

4

proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 16 The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the level of assistance required is reasonable assistance. *Id.* ¶ 29. To provide reasonable assistance at the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). *Id.* ¶ 30. Appointed counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the appropriate portions of the record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the circuit court, which often means that counsel must shape the defendant's claims into proper legal form. *Id.*

¶ 17 The filing, by appointed postconviction counsel, of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel has provided the statutorily-required reasonable level of assistance at the second stage of proceedings. *Id.* ¶ 31. We review *de novo* the question of whether appointed counsel provided the reasonable level of assistance that is required. *Id.* If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 18    As we undertake our *de novo* review of whether postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c) is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c) certificate may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. The failure to make a routine amendment, such as an amendment adding a claim of ineffective assistance of appellate counsel in order to prevent the dismissal of a petition on the basis of waiver or forfeiture, is an example of conduct on the part of postconviction counsel that rebuts the presumption of reasonable assistance. *Id.* ¶ 11. There is no requirement that a defendant make a positive showing that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised by the defendant in the petition had merit. *Id.* ¶ 12. Likewise, appointed counsel's failure to comply with the rule generally will not be excused on the basis of harmless error, because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had counsel complied with the rule. *Id.*

¶ 19    In this case, appellate counsel for Wallace argues that the record on appeal rebuts the presumption of reasonable assistance that arose when appointed counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), because (1) counsel's amended postconviction petition failed to adequately shape Wallace's arguments into a proper legal form with factual specificity; (2) counsel failed to support the postconviction petition with affidavits, including the lack of an affidavit from the defendant; and (3) failed to respond to the State's argument that *res judicata* should apply.

¶ 20    The State counters that the defendant is foreclosed from claiming any error due to entering into a negotiated guilty plea and that Wallace's ineffective assistance claim is barred by forfeiture and *res judicata*. Further, the State argues that if the aforementioned procedural defaults are overlooked, Wallace received reasonable assistance of counsel.

¶ 21    In reply, appellate counsel for Wallace argues, *inter alia*, that pursuant to the Illinois Supreme Court's decision in *People v. Addison*, 2023 IL 127119, ¶ 42, "when appointed counsel does not adequately fulfill his or her duties under Rule 651(c), a remand is required regardless of whether the petition's claims have merit."

¶ 22    The Illinois Supreme Court's majority decision in *Addison*, 2023 IL 127119, reiterated the longstanding general legal principles cited by this court above, that expressly stated, with regard to compliance with Rule 651(c), "[w]e fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Id.* ¶ 26. The *Addison* majority thereafter reiterated that when postconviction counsel fails to comply with Rule 651(c), such as by failing to shape claims into proper legal form, "our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Id.* ¶ 33. The *Addison* majority ultimately held that "[p]ostconviction counsel did not comply with Rule 651(c), because she failed to shape defendant's claims into proper form," and that, accordingly, the defendant had "rebutted the presumption of reasonable assistance that arose from postconviction counsel's Rule 651(c) certificate." *Id.* ¶ 44. The *Addison* majority further held that "the appellate court correctly remanded the cause for compliance with Rule 651(c) without considering whether the claims in the petition were meritorious." *Id.*

¶ 23    In the present case, appointed counsel violated Rule 651(c) by failing to shape the claim into proper form, because, *inter alia*, counsel failed to allege specific facts in support of Wallace's

7

arguments, including failing to support the postconviction petition with Wallace's own affidavit or others. These shortcomings doomed the defendant's claim to failure at the second stage of proceedings regardless of whether the claim potentially had merit and cannot be said to constitute compliance with Rule 651(c). See, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 15-27 (failure to (1) allege specific facts (rather than conclusory allegations), (2) support those facts with documentation such as affidavits, or (3) allege prejudice, when bringing claim of ineffective assistance of counsel, renders postconviction petition "not in an appropriate legal form to present the defendant's claims to the [circuit] court" and rebuts the presumption of compliance with Rule 651(c)). Accordingly, the defendant has rebutted the presumption of reasonable assistance that arose from appointed counsel's filing of a certificate of compliance with Rule 651(c). We therefore reverse the dismissal of the petition and remand for further proceedings with new counsel.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we reverse the order of the circuit court of Madison County that dismissed the petition, and we remand for further second-stage proceedings with new counsel. We note that the prior hearings on July 11, 2018, and August 6, 2018, took place when the circuit court lacked jurisdiction and should not be considered on remand. We direct appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel), and to the circuit court. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. We reiterate that it is well established that postconviction counsel is prohibited from amending a petition to advance claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 209 (2004). Illinois courts of review have made it clear what counsel must do if, after the circuit court advances a petition to the second stage because the circuit court believes that the petition is not frivolous or is not patently without merit, counsel subsequently determines that

8

it is. See, *e.g.*, *People v. Kuehner*, 2015 IL 117695, ¶¶ 20-22, 24, 27; see also, *e.g.*, *Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new postconviction counsel of these principles of law and admonish new counsel to adhere to them when considering what claims, if any, legitimately may be advanced in this case.

¶ 26    Reversed and remanded with directions.