2018 IL App (3d) 150630

Opinion filed April 3, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-15-0630 |
| v. | ) | Circuit No. 02-CF-351 |
| | ) | |
| MARCUS T. DIXON, | ) | Honorable |
| | ) | Walter D. Braud, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Marcus T. Dixon, appeals the denial of his postconviction petition at the

second stage of postconviction proceedings. The defendant argues that his postconviction

counsel failed to provide a reasonable level of assistance in that counsel failed to shape the

defendant's *pro se* claims into proper legal form in the amended petition filed by counsel.

¶ 2                                    FACTS

¶ 3     Following a jury trial, the defendant was convicted of two counts of aggravated battery

with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2002)). The court sentenced the defendant to 20

years' imprisonment on each count. On appeal, we affirmed the defendant's conviction. *People v. Dixon*, No. 3-03-0041 (2005) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4        On January 25, 2006, the defendant filed a *pro se* postconviction petition. The defendant attached a signed, unnotarized affidavit to his petition describing the manner in which he was arrested. On January 31, 2006, the court appointed postconviction counsel for the defendant. Over the next five years, the court appointed three separate attorneys, and they each withdrew. On April 20, 2011, the court appointed the defendant's fourth and final postconviction attorney.

¶ 5        On January 2, 2015—nearly four years after his appointment—counsel filed an amended petition for postconviction relief. After setting forth the procedural history of the case, the amended petition stated:

"A. [The defendant's] Sixth Amendment right to effective assistance of counsel was violated by [trial counsel] for the following reasons:

1. Counsel failed to order a fitness evaluation of defendant prior to trial. [Citation.]

2. Counsel failed to investigate facts or interview witnesses prior to trial. [Citation.]

3. Counsel failed to file any pre-trial motions on the defendant's behalf.

4. Counsel failed to call witnesses at trial that would have corroborated the defendant's defense. [Citation.]

5. Counsel failed to file a motion to quash defendant's arrest when there were witnesses who would have provided testimony in support of such motion.

6. Counsel failed to impeach witnesses at trial when there were contradictory statements made. [Citation.]

B. [The defendant's] Sixth Amendment right to effective assistance of counsel was violated by appellate attorneys for the following reason:

1. Counsel failed to raise a claim of ineffective assistance of counsel against trial counsel for trial counsel's failure to strike for cause biased jurors.

C. [The defendant's] Sixth Amendment right to effective assistance of counsel was violated by post-trial [counsel] for the following reasons:

1. Counsel failed to prepare or investigate aggravation and mitigation evidence. [Citations.]

2. Counsel failed to object to the admission of false information during sentencing.

D. Furthermore, [the defendant's] Fourth and Fourteenth Amendment right to Due Process was violated for the following reasons:

1. The trial court denied funding to the defense for the use of expert witnesses that could have been used to bolster the defendant's defense. [Citations.]

2. The trial court allowed the State to call one or more witnesses at trial who were not disclosed to the defense prior to trial, in violation of the Illinois Supreme Court's rules of discovery. [Citation.]

3

3. The State did not disclose evidence of ballistic testing and labs prior to trial in violation of the Illinois Supreme Court's rules of discovery. [Citation.]

4. The State presented deceptive, false, and misleading testimony at the preliminary hearing. [Citations.]

5. The State used evidence in trial that was obtained by an unconstitutional search. [Citations.]

E. [The defendant's] Fourth and Fourteenth Amendment protection against unreasonable search and seizure was violated for the following reason:

1. Defendant was arrested without a warrant and without probable cause. [Citations.]

2. Defendant's property was seized without a warrant.

F. [The defendant's] Sixth Amendment right to an impartial jury was violated for the following reason:

1. The jurors chosen and selected were neither impartial, nor from a fair cross-section of the community where the jurors had substantial ties to the State's Attorney's office and the county police department."

¶ 6      The amended petition stated that the defendant sought "incorporation of the Affidavits attached to his *pro se* Petition for Post-Conviction Relief filed on January 25, 2006." Counsel also filed a Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 7      The State filed a motion to dismiss the amended postconviction petition. The motion to dismiss argued that the allegations in the amended petition were conclusory and not supported by affidavits or the record.

4

¶ 8        Postconviction counsel filed an answer to the motion to dismiss, which stated that a *pro se* document prepared by the defendant titled "Memorandum of Points and Authorities in Support of Attached Petition for Post-Conviction Relief" was attached. Postconviction counsel requested that this document "be accepted as an exhibit to [the defendant's] original Petition and his Amended Petition and characterized as an affidavit in support of the claims advanced in both versions of the Petition." The memorandum was an unnotarized, handwritten document that also included police reports and other documentation. The memorandum and supporting documents were over 70 pages long.

¶ 9        A hearing was held on the State's motion to dismiss. The court asked the State if the defendant had "filed enough to get to us [*sic*] Stage 3." The State replied, "Nope." The State argued that the petition was not sufficient to warrant an evidentiary hearing because there were no affidavits supporting the claims raised in the petition. The State described the *pro se* memorandum that counsel submitted as an affidavit as "about 50 pages of gibberish, copies of police reports, and stuff that I can't make heads or tails of." The court granted the State's motion to dismiss, finding that the amended petition did not contain affidavits supporting the claims in the petition.

¶ 10                                              ANALYSIS

¶ 11        The defendant argues that he did not receive a reasonable level of assistance from his postconviction counsel because counsel failed to put his claims into proper legal form in the amended petition.

¶ 12        The defendant's petition was dismissed at the second stage of postconviction proceedings. "During the second stage, the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35.

"The second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation. In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *Id.*

¶ 13 "During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary ***." *People v. Cotto*, 2016 IL 119006, ¶ 27. The defendant is entitled to a reasonable level of assistance from appointed counsel. *People v. Greer*, 212 Ill. 2d 192, 204 (2004). In order to assure that a defendant receives a reasonable level of assistance from postconviction counsel, Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) imposes three duties on counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Specifically, Rule 651(c) provides that counsel must certify that he or she (1) "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined the record of the proceedings at the trial," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 14 "The purpose of [Rule 651(c)] is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18; see also *People v. Richmond*, 188 Ill. 2d 376, 381 (1999) (" 'The [Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014))] can not

6

[*sic*] perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court.' " (quoting *People v. Slaughter*, 39 Ill. 2d 278, 285 (1968))). Where, as in the instant case, postconviction counsel files a Rule 651(c) certificate, there is a presumption that the defendant received reasonable assistance of postconviction counsel. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. However, that presumption may be rebutted by the record. *Id.*

¶ 15        Here, the record rebuts the presumption that counsel fulfilled the requirements of Rule 651(c) because the record shows that counsel failed to make the necessary amendments to the *pro se* petition to adequately present the defendant's claims. That is, counsel failed to shape the defendant's *pro se* claims into proper legal form. See *Profit*, 2012 IL App (1st) 101307, ¶ 18; *Richmond*, 188 Ill. 2d at 381.

¶ 16        First, the amended petition failed to allege the basic elements of the claims it raised. For example, the amended petition alleged several claims of ineffective assistance of counsel but failed to allege that the defendant was prejudiced by trial counsel's deficiencies. "To prevail on *** a claim [of ineffective assistance of counsel], a defendant must show both that his counsel was deficient and that this deficiency prejudiced the defendant." *People v. Bew*, 228 Ill. 2d 122, 127 (2008). Without even an allegation of prejudice, the petition could not have stated a viable claim of ineffective assistance of counsel. Because the petition failed to allege the basic elements of the claims it raised, the petition was not in an appropriate legal form to present the defendant's claims to the court.

¶ 17        Similarly, the amended petition contained virtually no specific, factual allegations to support the general claims it asserted. Rather, the petition contained only conclusory allegations.

7

For example, the petition alleged that trial counsel was ineffective for failing to request a fitness hearing but alleged no facts showing that there was a *bona fide* doubt as to the defendant's fitness. See *People v. McCallister*, 193 Ill. 2d 63, 110 (2000) ("A defendant is presumed fit to stand trial. [Citation.] A defendant is entitled to a fitness hearing only when a *bona fide* doubt of his fitness to stand trial or be sentenced is raised.").

¶ 18     The other allegations of ineffective assistance of counsel are similarly conclusory. For example, the amended petition stated that trial counsel was ineffective for failing to file pretrial motions but does not allege what motions counsel could have filed or that such motions would have been successful. Additionally, the petition states that trial counsel was ineffective for failing to investigate and call defense witnesses, but the petition does not specify who trial counsel should have called as witnesses and what the content of their testimony would have been.

¶ 19     Also, the amended petition alleged that the defendant's constitutional rights were violated because he was arrested without a warrant and without probable cause. However, the petition gives no factual detail surrounding the arrest that would show the defendant was arrested without probable cause. Notably, an arrest warrant appears in the record, which the amended petition does not address. Also, the petition alleged that the State used evidence at trial that was obtained by an unconstitutional search, but the petition does not specify what the evidence was or allege the reason the search was unconstitutional.

¶ 20     "The allegations [in a postconviction petition] must contain a sufficient factual recounting of the basis for defendant's post-conviction claim." *People v. Kubik*, 214 Ill. App. 3d 649, 654 (1991). When courts determine whether the allegations in a postconviction petition make a substantial showing of a constitutional violation, "all well-pleaded facts in the petition and affidavits are to be taken as true, but nonfactual and nonspecific assertions which merely

8

amount to conclusions are not sufficient to require a hearing under the Act." *People v. Rissley*, 206 Ill. 2d 403, 412 (2003). Because the amended petition failed to allege specific facts to support its general claims, there was virtually nothing for the circuit court to take as true at the second stage. Thus, the amended petition was not in proper legal form.

¶ 21    In coming to this conclusion, we acknowledge that our supreme court has held that, in the absence of a showing that sufficient facts or evidence exists, postconviction counsel does not provide unreasonable assistance in " 'failing to make the [amended] petition's allegations factually sufficient to require the granting of relief.' " *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991) (quoting *People v. Stovall*, 47 Ill. 2d 42, 46 (1970)). Here, it was not postconviction counsel's failure to plead *sufficient* facts to ultimately require the granting of relief that rendered counsel's assistance unreasonable. Rather, counsel provided an unreasonable level of assistance because he failed to allege *any* specific facts in support of the general claims raised in the petition.

¶ 22    We note that it is not necessary for postconviction counsel to amend a petition if the amendment "would only further a frivolous or patently nonmeritorious claim." *Greer*, 212 Ill. 2d at 205. Indeed, "[a]n attorney *** who determines that defendant's claims are meritless cannot in good faith file an amended petition on behalf of defendant." *Id.* Here, postconviction counsel chose to file an amended petition, so we assume that counsel found that the allegations in the *pro se* petition were not frivolous. If counsel had found some of the claims in the petition to be frivolous, the appropriate procedure would have been to omit those claims from the petition. If counsel had found all the claims in the petition to be frivolous, the appropriate procedure would have been to stand on the *pro se* petition or seek to withdraw as counsel. *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10.

9

¶ 23    Finally, we would be remiss if we did not call attention to postconviction counsel's submission of the defendant's handwritten, unnotarized, 70-page *pro se* memorandum in lieu of a proper affidavit. This was improper because the handwritten memorandum was not a sworn statement. "[A]n affidavit must be sworn to, and statements in a writing not sworn to before an authorized person cannot be considered affidavits." *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002). To comply with Rule 651(c) and section 122-2 of the Act (725 ILCS 5/122-2 (West 2014)), counsel should have submitted a proper, sworn affidavit of the defendant.

¶ 24    It is unclear from this record, however, whether counsel would have been able to obtain other affidavits or evidence to support the defendant's claims. Our supreme court has recognized:

> "In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so."
> *People v. Johnson*, 154 Ill. 2d 227, 241 (1993).

As we are remanding this case on the basis that counsel failed to shape the defendant's claims into proper legal form by alleging the basic elements of the claims and supporting facts, counsel will have an opportunity to obtain and submit supporting affidavits and other evidence, if any exists, along with the amended petition.

¶ 25                                    CONCLUSION

¶ 26    The judgment of the circuit court of Rock Island County is reversed. The cause is remanded so that postconviction counsel may file a new amended postconviction petition that adequately presents the defendant's claims.

¶ 27    Reversed and remanded.