NOTICE

Decision filed 07/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210123-U

NO. 5-21-0123

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-CF-1920 |
| | ) | |
| DARIUS L. PIERCE, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Pursuant to the recent Illinois Supreme Court majority decision in *People v. Addison*, 2023 IL 127119, as well as other binding precedent, we conclude that the defendant did not receive reasonable assistance of counsel with regard to his petition for postconviction relief, because appointed counsel failed to shape the defendant's *pro se* ineffective assistance of plea counsel claims into proper legal form for presentation to the circuit court where appointed counsel did not provide sufficiently specific factual allegations, supporting documentation for such allegations, and did not allege, at all, that the defendant was prejudiced by the alleged ineffective assistance of plea counsel. We reverse the order of the circuit court of St. Clair County that dismissed the defendant's petition at the second stage of proceedings, and we remand for further second-stage proceedings with new counsel.

¶ 2    The defendant, Darius L. Pierce, appeals the dismissal, by the circuit court of St. Clair County at the second stage of proceedings, of his petition for postconviction relief. For the reasons

1

that follow, we reverse the circuit court's order and remand for further second-stage proceedings with new counsel.

¶ 3                                    I. BACKGROUND

¶ 4     On July 22, 2020, the defendant, acting in a *pro se* capacity, filed a postconviction petition in which he claimed, *inter alia*, that he received ineffective assistance of plea counsel during the defendant's plea of guilty to one count of criminal sexual assault. Two affidavits were attached to the petition. Although the affidavits were notarized, the contents of the affidavits were blank, except for the defendant's statement that he was the defendant in this case. A *pro se* motion to vacate or reconsider sentence was also filed by the defendant on July 22, 2020.

¶ 5     On July 28, 2020, the circuit court entered an order finding that the petition raised "the gist of at least one constitutional claim." The circuit court's order docketed the petition for second-stage proceedings. The order also appointed counsel to represent the defendant on the petition.

¶ 6     On November 4, 2020, appointed counsel filed a four-page amended petition. Therein, in a section of the amended petition entitled "Procedural History," appointed counsel noted that on the same day that the defendant entered his plea of guilty to criminal sexual assault in this case, the defendant also entered a plea of guilty to domestic battery (subsequent) in case No. 18-CF-1375. Appointed counsel alleged that subsequent to the defendant's sentencing on the two convictions, but "long before the expiration of 30 days following sentencing," the defendant asked his plea counsel to file a motion to withdraw the defendant's guilty pleas. Appointed counsel alleged that "[u]nknown to [the defendant] until too late," plea counsel "failed to file any post-sentencing motion." Thereafter, in a section of the amended petition entitled "Argument," appointed counsel contended that the defendant received ineffective assistance of plea counsel. The entirety of the amended petition's argument in support of this contention was as follows:

2

"7. Defense counsel failed to file a Motion to Withdraw although requested to do so by [the defendant] within 30 days of sentence.

8. The failure to file a Motion to Withdraw is a denial of the right of the [d]efendant to file for relief.

9. [The defendant] respectfully requests this [c]ourt to set aside and vacate the plea[s] and sentence[s], and remand the cause for jury trial, or in the alternative, to permit [the defendant] to file an Amended Motion to Reconsider Sentence."

The amended petition included a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), signed by appointed counsel. No supporting documents—such as an affidavit from the defendant—were filed on November 4, 2020, or at any time thereafter.

¶ 7    On December 10, 2020, the State filed a motion to dismiss the amended petition. Therein, the State contended that the amended petition should be dismissed because although the amended petition purported to allege ineffective assistance of plea counsel, it did not sufficiently allege the elements necessary to prevail on such a claim, and contained no supporting documentation, such as one or more affidavits. Thus, according to the State's motion to dismiss, the amended petition failed to make a substantial showing of a constitutional violation—as required at the second stage of proceedings—because the amended petition (1) did not contain documents to support the factual allegations against plea counsel necessary to show that his performance fell below an objective standard of reasonableness and (2) failed to allege at all—let alone demonstrate—that the defendant was prejudiced by the alleged ineffective assistance of plea counsel. With regard to the latter point, the motion to dismiss argued that no prejudice could be shown, because even if plea counsel had filed a motion to withdraw the defendant's guilty pleas, the motion would have been denied because, in light of the knowing and voluntary nature of the pleas, "there would have been

3

no grounds to have the motion granted." Accordingly, the motion to dismiss argued that the amended petition failed "to establish both prongs of *Strickland*."

¶ 8    Approximately four months later, on April 12, 2021, a hearing was held on the State's motion to dismiss. The State rested, for the most part, on its written motion. With regard to the specificity of his factual allegations, appointed counsel argued that there was nothing to contradict the defendant's assertion that he informed plea counsel, on the day of the defendant's sentencing, that he wanted plea counsel to file a motion to withdraw his guilty plea. Appointed counsel posited that "[c]oming so closely on the sentence itself, I think illustrates how important if he had been afforded—if the motion had been filed immediately, I think he could very successfully have convinced the judge to allow him to withdraw his plea[s] and at the very least have a reconsideration of sentence." Appointed counsel also argued that because the defendant was not afforded the opportunity to file a motion to withdraw his guilty pleas, the defendant lost the opportunity to appeal his sentences.

¶ 9    With regard to the State's arguments about prejudice, the circuit court asked appointed counsel, "if, in fact, a motion to withdraw his guilty plea had been filed, isn't it [the defendant's] burden to demonstrate what arguments he would have made and what basis there would have been to have allowed him to withdraw his guilty plea?" The circuit court added, "there's no guarantee that that motion would have been granted even if it had been filed." Appointed counsel responded, "I agree with that." The circuit court then stated that it had reviewed the transcripts of the guilty plea hearing and the sentencing hearing, and believed that the defendant's pleas were knowing and voluntary. The circuit court further noted that the sentencing judge did not violate the sentencing cap contained within the pleas, and that "[i]t certainly seemed as though everything that your client bargained for and agreed to was awarded to him." Appointed counsel responded, "Other than he immediately filed it, believed he had made an error and was denied the opportunity to at least argue

4

that to the Court." The circuit court stated, "But [the State] argues that it's your burden, and I don't know if you concede this point or not, but [the State] believes it's your burden at this point to establish that it would have been granted had it been filed." Appointed counsel replied, "All I can say is I'm aware of the *Strickland* standard." The circuit court stated it would review the transcripts again, as well as the State's motion and the amended petition, and would issue a ruling within two weeks.

¶ 10     On April 22, 2021, the circuit court entered a written order in which it granted the State's motion to dismiss, reasoning that (1) "the [d]efendant failed to allege any deficiencies in the admonitions that were given during his plea hearing, and he failed to articulate a legal basis that would have supported a motion to withdraw his guilty plea[s]," and (2) "as a result of the fact that he has failed to establish that he had a valid basis for the withdrawal of his guilty plea, he has failed to establish the second prong of the *Strickland* test." The circuit court's order thereafter stated that the defendant had "failed to establish that the motion to [w]ithdraw his guilty plea[s] would have been granted if it had been filed on a timely basis," and "further failed to establish that he would have preferred to go to trial if he were allowed to withdraw his plea[s] of guilty rather than accept the plea agreement that was offered to him," which meant that the defendant had failed to make a substantial showing of a constitutional violation. This timely appeal followed.

¶ 11                          II. ANALYSIS

¶ 12     It is well established that most petitions filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the petition in this case—to the second stage of proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended

petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 13　The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the level of assistance required is reasonable assistance. *Id.* ¶ 29. To provide reasonable assistance at the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *Id.* ¶ 30. Appointed counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the appropriate portions of the record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the circuit court, which often means that counsel must shape the defendant's claims into proper legal form. *Id.*

¶ 14　The filing, by appointed postconviction counsel, of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel has provided the statutorily-required reasonable level of assistance at the second stage of proceedings. *Id.* ¶ 31. We review *de novo* the question of whether appointed counsel provided the reasonable level of assistance that is required. *Id.* If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 15　As we undertake our *de novo* review of whether postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c) is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c)

certificate may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. The failure to make a routine amendment, such as an amendment adding a claim of ineffective assistance of appellate counsel in order to prevent the dismissal of a petition on the basis of waiver or forfeiture, is an example of conduct on the part of postconviction counsel that rebuts the presumption of reasonable assistance. *Id.* ¶ 11. There is no requirement that a defendant make a positive showing that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised by the defendant in the petition had merit. *Id.* ¶ 12. Likewise, appointed counsel's failure to comply with the rule generally will not be excused on the basis of harmless error, because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had counsel complied with the rule. *Id.*

¶ 16    In this case, appellate counsel for the defendant argues that the record on appeal rebuts the presumption of reasonable assistance that arose when appointed counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), because although appointed counsel amended the defendant's *pro se* petition, appointed counsel "failed to (1) allege specificity of the claims; (2) attach affidavits or evidentiary support for the claims or explain their absence; (3) reshape into a viable claim and include in the petition the issue of [the defendant] losing his constitutional right to a direct appeal; and (4) file a supplemental petition in response to the State's motion to dismiss." Appellate counsel posits that these shortcomings on the part of appointed counsel doomed the amended petition to failure, because, *inter alia*, (1) without specific factual allegations regarding the defendant asking plea counsel to file a motion to withdraw the defendant's guilty pleas, as well as documentation to support such factual allegations (such as an affidavit from the defendant "establishing when and how he specifically asked plea counsel to file

a post-plea motion"), the amended petition could not make the substantial showing of a constitutional violation that was necessary to survive the State's second-stage motion to dimiss; (2) the failure to plead prejudice that resulted to the defendant due to the alleged failure by plea counsel to file a motion to withdraw the defendant's guilty pleas also was fatal to the amended petition's claim of ineffective assistance of plea counsel, because absent an allegation of prejudice, the claim could not survive the motion to dismiss; and (3) the absence of legal support in the amended petition for the claims likewise torpedoed any chance of success. Appellate counsel argues that legal support for the claims was readily available, and cites cases in support thereof. Appellate counsel points out that appointed counsel's inclusion of the ineffective assistance of plea counsel claim in the amended petition demonstrates that appointed counsel believed the claim had merit, because it is well established that postconviction counsel is prohibited from advancing claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 209 (2004).

¶ 17　Appellate counsel further argues that at the hearing on the State's motion to dismiss, even after the circuit court pointed out that the defendant had the burden of showing that a motion to withdraw his guilty pleas would have been successful, appointed counsel failed to offer any sort of "specific, complete, or legally sound" answer, instead stating only that the defendant "immediately" realized that he "made an error" and asked plea counsel to file the motion for him. Appellate counsel notes that the State's written motion to dismiss effectively put appointed counsel on notice as to the many deficiencies of the amended petition, but appointed counsel made no attempt to shore up the petition, at any time. Appellate counsel argues that, *inter alia*, appointed counsel should have sought leave to further amend the petition (or to file a supplemental petition or other pleading), as well as to file an affidavit in support of the petition. Appellate counsel further argues that appointed counsel provided unreasonable assistance by "failing to explicitly include in

the amended petition, counsel's oral claim [made at the hearing on the State's motion to dismiss] about how plea counsel's inactions postplea led to [the defendant] losing his constitutional right to a direct appeal," an argument that appellate counsel claims also supported postconviction relief.

¶ 18    The State counters that, *inter alia*, the defendant suffered no prejudice from the alleged unreasonable assistance of appointed counsel, because the circuit "court made a determination on the merits of the" amended petition. The State further claims that appointed counsel's certificate of compliance with Rule 651(c) is not rebutted because appointed "counsel's assistance did not amount to a virtual abandonment of his duty of representation." With regard to this argument, the State contends that appointed "counsel advanced the best argument on [the defendant's] behalf and left it to the [circuit] court to determine the merits." The State further argues that because appointed counsel "orally argued the issue of the deprivation of a direct appeal at the hearing on the State's [m]otion to [d]ismiss and referenced" a prior *pro se* pleading filed by the defendant, that meant that the defendant's "argument was considered" by the circuit court, and that therefore there was no prejudice that resulted from appointed counsel's failure to make the argument in writing.

¶ 19    In reply, appellate counsel for the defendant argues that the State's arguments related to whether the defendant suffered prejudice from the alleged lack of reasonable assistance of appointed counsel fail in light of recent precedent from the Illinois Supreme Court. We agree. On April 20, 2023, the Illinois Supreme Court issued its opinion in *People v. Addison*, 2023 IL 127119. The court's majority decision in *Addison* reiterated the longstanding general legal principles cited by this court above, then expressly stated, with regard to compliance with Rule 651(c), "[w]e fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Id.* ¶ 26. The *Addison* majority thereafter reiterated that when postconviction counsel fails to comply with Rule 651(c), such as by failing to

9

shape claims into proper legal form, "our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Id.* ¶ 33. The *Addison* majority rejected the State's argument that the aforementioned case law applies only when postconviction counsel has failed to file a certificate of compliance with Rule 651(c). *Id.* ¶¶ 34-38. The *Addison* majority ultimately held that "[p]ostconviction counsel did not comply with Rule 651(c), because she failed to shape defendant's claims into proper form," and that, accordingly, the defendant had "rebutted the presumption of reasonable assistance that arose from postconviction counsel's Rule 651(c) certificate." *Id.* ¶ 44. The *Addison* majority further held that "the appellate court correctly remanded the cause for compliance with Rule 651(c) without considering whether the claims in the petition were meritorious." *Id.*

¶ 20 We further agree with the defendant's substantive arguments in his opening and reply briefs. For example, the defendant correctly asserts in his opening brief that appointed counsel's inclusion of the ineffective assistance of plea counsel claim in the amended petition demonstrates that appointed counsel believed the claim had merit, because it is well established that postconviction counsel is prohibited from advancing claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *Greer*, 212 Ill. 2d at 209. The defendant also correctly asserts in his reply brief that "[a]lthough the State wishes to litigate the merits of the underlying claim of ineffective assistance of plea counsel for failing to file a timely motion to withdraw guilty plea, this is both premature and inappropriate" under *Addison* and other existing and binding legal precedent.

¶ 21 It is clear that in this case appointed counsel violated Rule 651(c) by failing to shape the claim into proper legal form, because, *inter alia*, although appointed counsel chose to advance an ineffective assistance of plea counsel claim, he failed to (1) allege specific facts in support of the claim, (2) allege prejudice to the defendant, *at all*, and (3) include supporting documentation, such

as, for example, an affidavit from the defendant. These shortcomings doomed the defendant's claim to failure at the second stage of proceedings regardless of whether the claim potentially had merit, and cannot be said to constitute compliance with Rule 651(c). See, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 15-27 (failure to (1) allege specific facts (rather than conclusory allegations), (2) support those facts with documentation such as affidavits, or (3) allege prejudice, when bringing claim of ineffective assistance of counsel, renders postconviction petition "not in an appropriate legal form to present the defendant's claims to the [circuit] court" and rebuts the presumption of compliance with Rule 651(c)). In light of the deficient representation the defendant has received on his postconviction petition to date, we decline the State's request that, if this cause is remanded, it should proceed with the same appointed counsel for the defendant. See, *e.g.*, *People v. Treadwell*, 2022 IL App (1st) 191905, ¶ 35 (proper remedy for failure to comply with Rule 651(c) is remand for further proceedings with new counsel); see also, *e.g.*, *Wallace*, 2018 IL App (5th) 140385, ¶ 53 (same). Moreover, the other claims raised by the defendant's appellate counsel also demonstrate that appointed counsel failed to comply with Rule 651(c) in this case. Accordingly, the defendant has rebutted the presumption of reasonable assistance that arose from appointed counsel's filing of a certificate of compliance with Rule 651(c). We therefore reverse the dismissal of the petition and remand for further proceedings with new counsel.

¶ 22                                    III. CONCLUSION

¶ 23     For the foregoing reasons, we reverse the order of the circuit court of St. Clair County that dismissed the petition, and we remand for further second-stage proceedings with new counsel. We direct both appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel), and to the circuit court. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. We reiterate that it is well established that postconviction counsel is prohibited from amending a petition to advance claims in the circuit court that counsel determines are frivolous

and patently without merit. See, *e.g.*, *Greer*, 212 Ill. 2d at 209. Illinois courts of review have made it clear what counsel must do if, after the circuit court advances a petition to the second stage because the circuit court believes that the petition is not frivolous or is not patently without merit, counsel subsequently determines that it is. See, *e.g.*, *People v. Kuehner*, 2015 IL 117695, ¶¶ 20-22, 24, 27; see also, *e.g.*, *Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new postconviction counsel of these principles of law and admonish new counsel to adhere to them when considering what claims, if any, legitimately may be advanced in this case.

¶ 24    Reversed and remanded with directions.