NOTICE
Decision filed 02/27/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220360-U

NO. 5-22-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-CF-2738 |
| | ) | |
| NIGEL GENERALLY, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the second-stage dismissal of the defendant's postconviction petition and remand for appointment of new counsel and further proceedings.

¶ 2    The defendant, Nigel Generally, appeals the second-stage dismissal of his postconviction petition. For the following reasons, we reverse the dismissal and remand for appointment of new counsel and further proceedings.

¶ 3                          I. BACKGROUND

¶ 4    The following facts are derived from the record on appeal. Some of the facts were included in this court's previous orders in this case, which were issued in appellate case number 5-15-0441 (*People v. Generally*, No. 5-15-0441 (2017) (unpublished summary order under Illinois Supreme

1

Court 23(c))) and appellate case number 5-17-0265 (*People v. Generally*, No. 5-17-0265 (2020) (unpublished Rule 23 order)).

¶ 5 On April 8, 2013, the defendant pled guilty to one count of first degree murder in exchange for the State's agreement to dismiss all other pending charges and to seek a sentence of no more than 40 years' imprisonment. At the time of the offense, the defendant was 19 years and 10 months old. Following a June 20, 2013, sentencing hearing, the defendant was sentenced to 33 years' imprisonment. The defendant's motion to reconsider his sentence was denied. The defendant did not withdraw his guilty plea, nor did he file a direct appeal.

¶ 6 On June 15, 2015, the defendant filed a petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The defendant argued that his sentence was void because the judge was biased against him, refused to consider the relevant factors in mitigation, imposed a sentence that was disproportionate to that of his codefendant, and stated that "the law will be used to revenge the victim's death." The defendant sought relief in the form of a resentencing hearing. The State did not file a motion to dismiss, an answer, or any other responsive pleading. The circuit court denied the defendant's petition and he appealed.

¶ 7 On March 28, 2017, while the above appeal was pending, the defendant filed, *pro se*, a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). Therein, the defendant alleged that his 33-year sentence was a "*de facto* sentence of life without parole," and that the sentence should be vacated. The defendant alleged that in a previous case, this court had "relied on recent U.S. Supreme Court case law to form its analysis of the proportionate penalties clause" in relation "to a mandatory natural life sentence." The defendant also alleged that pursuant to the statute under which he was sentenced, the

2

sentencing judge "was precluded from considering the [defendant's] 'youth' diminished culpability because of the characteristics of youth, and the way it weakens rationales for punishment. Not to mention other mitigating factors as well." He asked, *inter alia*, to be resentenced "in conjunction with Illinois Constitution Article 1 Section 11 proportionate penalties clause."

¶ 8 On June 8, 2017, the circuit court judge handling the case entered a written order in which he summarily dismissed the defendant's *pro se* petition, ruling that the petition was frivolous and patently without merit because, *inter alia*, (1) "[t]he defendant's age and childhood were brought to the forefront during the sentencing, both by testimony and exhibits introduced by [the defendant's trial counsel]," and (2) the sentencing judge "specifically commented on taking the defendant's age into account and noted the various life stages the defendant would be at upon release from prison given various length sentences," which resulted in the defendant's sentence being "considerate of the defendant's age and level of maturity at the time the offense was committed."

¶ 9 The defendant appealed the dismissal of his *pro se* postconviction petition. While the appeal was pending, the defendant acknowledged that in light of the Illinois Supreme Court's decision in *People v. Buffer*, 2019 IL 122327, ¶¶ 40-41 (prison sentence of 40 years or less imposed on juvenile offender is not a *de facto* life sentence), his 33-year sentence does not qualify as a *de facto* life sentence. Accordingly, the defendant abandoned his arguments related to a *de facto* life sentence. However, the defendant maintained that his petition nevertheless was sufficient to survive a first-stage dismissal, arguing that the petition raised the gist of a proportionate penalties clause claim that is independent of his now-abandoned *de facto* life sentence claim. In particular, the defendant pointed to the fact that his petition raised a claim under the Illinois Constitution and

3

contended that this court has held that a sentence may be disproportionate under our constitution even if it is not a *de facto* life sentence. This court reversed the dismissal of the *pro se* postconviction petition because the defendant "stated the gist of a constitutional claim with an arguable basis" and remanded for appointment of counsel and further proceedings.

¶ 10     On remand, counsel was appointed to represent the defendant. On March 22, 2022, counsel filed a Rule 651(c) certificate and an amended postconviction petition that adopted the defendant's *pro se* claims and argued that the defendant's sentence violated the eighth amendment and the Illinois proportional penalties clause, because the trial court failed to take the defendant's youth into consideration during sentencing. Counsel supported the amended postconviction petition with case law, Illinois statutes, policy arguments regarding the programs available to the defendant in the Illinois Department of Corrections, and the fact that the defendant's codefendants both received a 20-year sentence of imprisonment, despite being older than the defendant. Three exhibits were attached to the amended postconviction petition: the report of proceedings of the sentencing hearing and the docket sheets for each of the two codefendant's cases.

¶ 11     The amended postconviction petition argued, *inter alia*, as follows:

"11. The proportionate penalties clause of the Illinois Constitution states that 'all penalties shall be determined according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' Ill. Const. 1970, art. 1 sec. 11.

12. In addition, the sentencing court's failure to take the defendant's youth into account violated the 8th Amendment of the United States Constitution proscription of cruel and unusual punishment. ***

13. The Sentencing Court in this matter made no meaningful consideration of the defendant's age. *** [A]t this point it can be argued that the Court should have given this

4

case all of the consideration that a juvenile offender would be under *Miller*. In the particular circumstances, it would certainly have been appropriate, but it is clear that there is no case law in Illinois to support that argument. ***

*** 

15. As a result, the sentencing court violated the defendant's State and Federal constitutional rights. See: *Miller v. Alabama*.

* * *

16. More recently, courts of review have come to re-examine and re-emphasize the age of offenders when considering the proportionality of a sentence for an offender over the age of 18 but less than the age of 18 [*sic*]. In *People v. House*, IL App (1st) 11058072 N.E.3d 357 (2015) the Court specifically rejected the bright light distinction between juvenile and adult at the age of 18. ***"

¶ 12 The State filed a motion to dismiss the amended postconviction petition. The trial court conducted a hearing on the motion to dismiss on June 8, 2022. At the hearing, defense counsel argued "that this case really boils down to an equal protection and due process case. The sentence given to my client was not commensurate with the offense, and certainly is not commensurate with the sentence given to defendants that were co-defendants." Counsel also argued that the other issue was the "concept of emerging adult" and the *House* case.

¶ 13 On June 8, 2022, the trial court entered an order granting the State's motion to dismiss the amended postconviction petition for reasons stated on the record. The reasons stated on the record were as follows:

"[T]he issue is, you know, whether the petition—the allegations in the petition in light of the trial record failed to make a substantial showing of a Constitutional violation. So the

5

question is, taking this at face value, not doing any fact finding, whether or not the petition and the attachments set forth a substantial showing of a Constitutional violation.

So, with regard to the consideration of age—[defense counsel], you attached a copy of the sentencing hearing to your pleading and I would like to just point out some things that were in the record.

So first on the pagination on the transcript itself, Page 5 with regard to the Presentence Investigation, the Court indicated that he read it all and will use them, being the PSI and the addendums, as a basis for factors in the sentence to be determined.

On Page 1 of the PSI is the Defendant's date of birth, so it was clearly part of the record, the Court was aware of Mr. Generally's age. Mr. Generally himself pointed out and argued his age on Page 40 in his statement in allocution. At the top of Page 40 he refers to himself as a young 19-year old, unexperienced man.

On Page 61 at the top, in pronouncing the sentence the Court specifically indicated the consideration of the defendant's age. ***

And with regard to the cruel and unusual punishment aspect, even in light of *Miller* I don't think there's a sufficient basis set forth in this petition to show a substantial violation, and I likewise find the same with regard to the disproportionate penalties claim. Mr. Generally's sentence, although it is, you know, in the term of years substantially longer, I don't find that the petition sets forth the Constitutional violation and I don't find there's a sufficient showing of disproportionate sentence.

***

So any other issues raised in the petition I likewise find there has not been a substantial showing of the Constitutional violation. The Appellate Court sent it back to

6

have the benefit of counsel, counsel has filed the amended petition, the Court's considered it, the State's motion is granted, the petition is dismissed."

Thereafter, the defendant filed a timely notice of appeal.

¶ 14                                    II. ANALYSIS

¶ 15    It is well established that most petitions filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the petition in this case—to the second stage of proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 16    The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the level of assistance required is reasonable assistance. *Id.* ¶ 29. To provide reasonable assistance at the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *Id.* ¶ 30. Appointed counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the appropriate portions of the record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the circuit court, which often means that counsel must shape the defendant's claims into proper legal form. *Id.*

7

¶ 17    The filing, by appointed postconviction counsel, of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel has provided the statutorily-required reasonable level of assistance at the second stage of proceedings. *Id.* ¶ 31. We review *de novo* the question of whether appointed counsel provided the reasonable level of assistance that is required. *Id.* If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 18    As we undertake our *de novo* review of whether postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c) is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c) certificate may be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. The failure to make a routine amendment, such as an amendment adding a claim of ineffective assistance of appellate counsel in order to prevent the dismissal of a petition on the basis of waiver or forfeiture, is an example of conduct on the part of postconviction counsel that rebuts the presumption of reasonable assistance. *Id.* ¶ 11. There is no requirement that a defendant make a positive showing that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised by the defendant in the petition had merit. *Id.* ¶ 12. Likewise, appointed counsel's failure to comply with the rule generally will not be excused on the basis of harmless error, because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had counsel complied with the rule. *Id.*

¶ 19    In this case, appellate counsel for defendant argues that the record on appeal rebuts the presumption of reasonable assistance that arose when appointed counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), because (1) counsel argued the eighth amendment issue that had previously been abandoned in light of the Illinois Supreme Court's decision in *People v. Buffer*, 2019 IL 122327, ¶¶ 40-41 (prison sentence of 40 years or less imposed on juvenile offender not a *de facto* life sentence), (2) counsel relied upon the First District decision in *People v. House*, 2015 IL App (1st) 110580, which was vacated by our supreme court on November 28, 2018, and (3) counsel failed to identify or attach any supporting evidence to establish that at the time of the offense the defendant was an emerging adult and counsel sought to produce such evidence at an evidentiary hearing when this evidence must be presented before the petition could move to the third stage.

¶ 20    The State counters that the defendant is foreclosed from claiming any error due to entering into a partially-negotiated guilty plea and that the defendant's proportional penalties claim is barred by waiver and *res judicata*. Further, the State argues that if the aforementioned procedural defaults are overlooked, the defendant received reasonable assistance of counsel. The State argues that the defendant's claims premised on *Miller* were meritless.

¶ 21    In reply, appellate counsel for the defendant argues that pursuant to the Illinois Supreme Court's decision in *People v. Addison*, 2023 IL 127119, ¶ 42, "when appointed counsel does not adequately fulfill his or her duties under Rule 651(c), a remand is required regardless of whether the petition's claims have merit." We agree. On April 20, 2023, the Illinois Supreme Court issued its opinion in *People v. Addison*, 2023 IL 127119. The court's majority decision in *Addison* reiterated the longstanding general legal principles cited by this court above, then expressly stated, with regard to compliance with Rule 651(c), "[w]e fail to see how it can be reasonable assistance

9

of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Id.* ¶ 26. The *Addison* majority thereafter reiterated that when postconviction counsel fails to comply with Rule 651(c), such as by failing to shape claims into proper legal form, "our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Id.* ¶ 33. The *Addison* majority rejected the State's argument that the aforementioned case law applies only when postconviction counsel has failed to file a certificate of compliance with Rule 651(c). *Id.* ¶¶ 34-38. The *Addison* majority ultimately held that "[p]ostconviction counsel did not comply with Rule 651(c), because she failed to shape defendant's claims into proper form," and that, accordingly, the defendant had "rebutted the presumption of reasonable assistance that arose from postconviction counsel's Rule 651(c) certificate." *Id.* ¶ 44. The *Addison* majority further held that "the appellate court correctly remanded the cause for compliance with Rule 651(c) without considering whether the claims in the petition were meritorious." *Id.*

¶ 22    In the present case, appointed counsel violated Rule 651(c) by failing to shape the claim into proper form, because, *inter alia*, counsel failed to allege specific facts in support of the emerging adult claim as required by the Illinois Supreme Court case of *People v. House*, 2021 IL 125124, and advanced arguments on an eighth amendment claim that had previously been abandoned following the Illinois Supreme Court's decision in *People v. Buffer*, 2019 IL 122327. These shortcomings doomed the defendant's claim to failure at the second stage of proceedings regardless of whether the claim potentially had merit and cannot be said to constitute compliance with Rule 651(c). See, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 15-27 (failure to (1) allege specific facts (rather than conclusory allegations), (2) support those facts with documentation such as affidavits, or (3) allege prejudice, when bringing claim of ineffective

assistance of counsel, renders postconviction petition "not in an appropriate legal form to present the defendant's claims to the [circuit] court" and rebuts the presumption of compliance with Rule 651(c)). Accordingly, the defendant has rebutted the presumption of reasonable assistance that arose from appointed counsel's filing of a certificate of compliance with Rule 651(c). We therefore reverse the dismissal of the petition and remand for further proceedings with new counsel.

¶ 23                                    III. CONCLUSION

¶ 24     For the foregoing reasons, we reverse the order of the circuit court of Madison County that dismissed the petition, and we remand for further second-stage proceedings with new counsel. We direct both appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel), and to the circuit court. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. We reiterate that it is well established that postconviction counsel is prohibited from amending a petition to advance claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *People v. Greer*, 212 Ill. 2d 192, 209 (2004). Illinois courts of review have made it clear what counsel must do if, after the circuit court advances a petition to the second stage because the circuit court believes that the petition is not frivolous or is not patently without merit, counsel subsequently determines that it is. See, *e.g.*, *People v. Kuehner*, 2015 IL 117695, ¶¶ 20-22, 24, 27; see also, *e.g.*, *Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new postconviction counsel of these principles of law and admonish new counsel to adhere to them when considering what claims, if any, legitimately may be advanced in this case.

¶ 25     Reversed and remanded with directions.