NOTICE
Decision filed 04/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220579-U

NO. 5-22-0579

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Hardin County. |
| | ) | |
| v. | ) | No. 17-CF-25 |
| | ) | |
| JOSHUA MOHRING, | ) | Honorable |
| | ) | Tara R. Wallace, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Postconviction counsel failed to provide reasonable assistance where he failed to attach supporting evidence, or explain its absence, resulting in dismissal of the amended postconviction petition.

¶ 2    This appeal arises from the circuit court's second-stage dismissal of an amended petition that the defendant, Joshua Mohring, raised under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In the amended petition, the defendant alleged numerous claims of ineffective assistance of plea counsel. After a hearing on the State's motion to dismiss, the circuit court granted the motion and dismissed the defendant's petition for postconviction relief. The defendant appeals, arguing that postconviction counsel failed to adequately plead and support the claims raised in the amended postconviction petition. For the following reasons, we reverse and remand.

1

¶ 3                               I. Background

¶ 4      We include only those facts necessary to the disposition of this matter on appeal. On August 7, 2017, Andrew Nicklaus, who was 64 years old at the time, was stabbed several times and set on fire. The defendant was subsequently charged by information with one count of attempted first degree murder of Nicklaus in violation of section 8-4(a) of the Criminal Code of 2012 (720 ILCS 5/8-4(a) (West 2016)) and one count of aggravated arson in violation of section 20-1.1(a) (*id.* § 20-1.1(a)). Each count was a Class X felony with a potential term of imprisonment of not less than 6 years and not more than 30 years (730 ILCS 5/5-4.5-25 (West 2016)).

¶ 5      On request of the defendant's plea counsel, Nick Brown, and with agreement of the State, the circuit court conducted a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The defendant was present at the conference and was fully admonished by the circuit court pursuant to the rule. The State indicated that based on their discussions with the victim, they were seeking a sentence of 22½ years of imprisonment.

¶ 6      On January 25, 2018, the circuit court held a pretrial hearing where the parties announced they had negotiated a plea agreement: the defendant would plead guilty to the attempted first degree murder count in exchange for a term of imprisonment of 22 years and 6 months, to be served at 85%, followed by 3 years of mandatory supervised release, and the State would dismiss the aggravated arson count. The circuit court asked the defendant if that was the sentence he expected to receive, and the defendant replied "yes." The circuit court fully admonished the defendant (1) of the charges and the agreed-upon sentence as set out in the plea agreement, (2) of all the rights that he would waive by pleading guilty, and (3) that if he pled guilty, the only right he would have left would be his right to appeal. The defendant confirmed that he understood the

circuit court's admonitions. When the circuit court asked the defendant if his plea of guilty was done freely, knowingly, and voluntarily, the defendant stated that it was.

¶ 7 The State provided a factual basis. The circuit court then accepted the defendant's guilty plea and imposed the negotiated sentence. The defendant did not file any posttrial motions, nor did he file a direct appeal.

¶ 8 Two years later, on March 5, 2020, the defendant's retained postconviction counsel entered his appearance. On January 25, 2021, the defendant, through counsel, filed a postconviction petition claiming, *inter alia*, that at the time of the guilty plea he was under the influence of prescription medications which resulted in his inability to properly understand all aspects of the negotiated plea agreement. Attached to the petition was the defendant's affidavit averring that he was over the age of 18, was a resident of Illinois, and was represented by postconviction counsel. The circuit court advanced the defendant's petition seeking postconviction relief to the second stage.

¶ 9 The State filed a motion to dismiss the defendant's petition, arguing that because the issues raised in the defendant's petition could have been raised on direct appeal, but were not, they were waived. The State further argued that the defendant failed to attach affidavits, records, or other evidence supporting the allegations contained in the petition or provide a reason why the same were not attached.

¶ 10 On December 20, 2021, postconviction counsel filed an amended postconviction petition adding an additional claim of plea counsel's ineffective assistance for failure to raise issues on appeal. The other claims in the amended petition mirrored those in the initial petition. Postconviction counsel did not provide additional affidavits, records, or other evidence in support of the allegations in the amended petition or provide a reason why the same were not attached.

¶ 11    On February 18, 2022, a hearing was held on the State's motion to dismiss, but a transcript of the hearing was not included in the record. In its docket entry the trial court noted that postconviction counsel and the State were heard after which the circuit court took the matter under advisement.

¶ 12    On June 21, 2022, the circuit court entered a written order granting the State's motion to dismiss the defendant's amended petition. The circuit court specifically found that the defendant's claims that he had a history of mental health issues and was under the influence of prescription medication at the time of his guilty plea could be supported only by affidavits, records, or evidence that was within the defendant's control. Thus, in the light of his failure to attach supporting documentation for the claim, the defendant failed to make a substantial showing of a constitutional violation. The circuit court further found that the defendant's other claims in his amended petition were rebutted by the record.

¶ 13    The defendant appealed the dismissal of his amended postconviction petition. On January 18, 2023, a late notice of appeal was allowed, and the Office of the State Appellate Defender was appointed to represent the defendant.

¶ 14                                  II. Analysis

¶ 15    On appeal, the defendant asserts that postconviction counsel's failure to adequately plead and support the claims raised in the amended postconviction petition violated the Post-Conviction Hearing Act and Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and warrants further second stage postconviction proceedings and the appointment of new postconviction counsel. The defendant argues, *inter alia*, that his claim that his ingestion of prescription medication prevented him from intelligently entering his guilty plea was not supported with the necessary affidavits,

4

records, or other evidence nor were their absence explained as required by the Act. Because we find this issue to be dispositive, we need not address the defendant's remaining arguments.[1]

¶ 16 The Post-Conviction Hearing Act provides a statutory remedy to criminal defendants who assert claims for substantial violations of their constitutional rights at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21. A postconviction proceeding "is not a substitute for, or an addendum to, direct appeal." *People v. Kokoraleis*, 159 Ill. 2d 325, 328 (1994). "The purpose of a post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, nor could have been, adjudicated previously upon direct appeal." *People v. Peeples*, 205 Ill. 2d 480, 510 (2002). The postconviction petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" and shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. 725 ILCS 5/122-2 (West 2020).

¶ 17 "The Act provides a three-stage mechanism for a defendant to advance such a claim." *People v. Addison*, 2023 IL 127119, ¶ 18. "At the first stage, the trial court must independently review the petition within 90 days of its filing and determine whether it is frivolous or patently without merit." *Id.*; 725 ILCS 5/122-2.1(a)(2) (West 2020). Thereafter, if the petition is not summarily dismissed, it must be set for further consideration in the second stage. 725 ILCS 5/122-2.1(b) (West 2020); *Addison*, 2023 IL 127119, ¶ 18.

¶ 18 "The second stage of postconviction review tests the legal sufficiency of the petition." (Internal quotation marks omitted.) *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 12. The petitioner bears the burden at the second stage of making a substantial showing of a constitutional

---

[1]The defendant's remaining arguments are that postconviction counsel failed to raise a claim in the amended petition that plea counsel did not investigate his case and prepare a defense which resulted in plea counsel coercing him to enter his guilty plea, and that postconviction counsel failed to adequately argue that his guilty plea should have been withdrawn due to plea counsel's ineffective assistance.

5

violation. *Id.* The circuit court may only dismiss a postconviction petition at this stage if the allegations, liberally construed in favor of the defendant and taken as true, do not make a substantial showing of a constitutional violation. *People v. James*, 2023 IL App (1st) 192232, ¶ 33. "The purpose of the first two stages is to determine whether an evidentiary hearing is even necessary." *People v. Fields*, 2020 IL App (1st) 151735, ¶ 42. A reviewing court applies a *de novo* standard of review to a trial court's dismissal of a postconviction petition at the second stage. *Addison*, 2023 IL 127119, ¶ 17. Here, the defendant's petition for postconviction relief was dismissed at the second stage of proceedings.

¶ 19    The State maintains that the defendant forfeited his claims of ineffective assistance of plea counsel when he voluntarily pled guilty. *People v. Jones*, 2021 IL 126432, ¶ 20 (voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones). We conclude that this rule of forfeiture does not apply where the essence of the defendant's argument is that he did not voluntarily plead guilty because his ingestion of prescription medication prevented him from doing so.

¶ 20    The defendant argues on appeal that postconviction counsel's failure to adequately plead and support the claims raised in the amended postconviction petition violated Rule 651(c). Where postconviction counsel files a certificate under Rule 651(c) averring that he has complied with the requirements of the rule, there is a rebuttable presumption that postconviction counsel has provided the reasonable assistance contemplated by the Act. *People v. Rivera*, 2016 IL App (1st) 132573, ¶ 36. The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the petitioner's *pro se* claims into proper legal form and presents those claims to the court. *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). Rule 651(c), however, applies only to a postconviction petition initially filed by a *pro se* defendant. *People v. Cotto*, 2016 IL 119006, ¶ 41. As the State correctly points out,

the defendant's initial petition was filed by privately retained postconviction counsel; thus, postconviction counsel's performance is governed by the standard provided for in the Act: reasonable assistance. (see *id.* ¶¶ 30, 41-42; *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 55, 59-60). Under the Act, a defendant is entitled to the reasonable assistance of counsel, regardless of whether the attorney is appointed or retained and regardless of the stage of the proceedings. *People v. Urzua*, 2023 IL 127789, ¶ 51. Hence, we must determine whether postconviction counsel provided reasonable assistance under the facts presented.

¶ 21    After postconviction counsel filed the initial petition on behalf of the defendant, the State filed a motion to dismiss it, arguing that the defendant failed to attach affidavits, records, or other evidence supporting the allegations contained in the petition and failed to provide a reason why the same were not attached. Because, after being put on notice by the State, postconviction counsel failed to attach any supporting documentation or evidence, or explain its absence, which resulted in the dismissal of the amended petition, we find postconviction counsel failed to provide reasonable assistance. See *id.*

¶ 22    We conclude that this cause should be remanded to the circuit court for the appointment of new postconviction counsel, who will then have the opportunity to file an amended petition along with any supporting documentation or evidence or an explanation as to its unavailability. 725 ILCS 5/122-2 (West 2020). We express no opinion on the question of whether an evidentiary hearing is necessary, or even appropriate, in this case.

¶ 23                                III. Conclusion

¶ 24    For the foregoing reasons, we reverse the circuit court's dismissal of the defendant's amended postconviction petition and remand.

¶ 25    Reversed and remanded.